491 So.2d 614 (1986)
Kenneth Paul HOWERTON, Appellant,
v.
Carolyn Sue HOWERTON, Appellee.
No. 85-1171.
District Court of Appeal of Florida, Fifth District.
July 24, 1986.
Charles R. Trulock, Jr., Orlando, for appellant.
Hugo H. de Beaubien, of Drage, de Beaubien, Malbrath & Simmons, Orlando, for appellee.
UPCHURCH, Chief Judge.
Kenneth Howerton appeals a final judgment of dissolution challenging the award to his former wife of a fifty percent interest in his pension plan on the basis that a pension is not a marital asset subject to equitable distribution. The husband also argues that even if his pension is a marital asset, the award was erroneous as it allows the wife to share in benefits acquired after the dissolution of the marriage. Finally, the husband argues that the court erred in ordering him to contribute to the wife's attorney's fees. We affirm the award of attorney's fees and the interest in the husband's pension, but remand to the trial court to value the husband's retirement benefits acquired during the marriage.
The parties were married in 1963 and have two children. At the time of the trial, the wife was working at a fast-food restaurant where there was little likelihood for advancement. The husband has worked for Southern Bell for over nineteen years as a cable repair technician and has a vested pension. A copy of the husband's statement of benefits for early and normal retirement was admitted at trial. In the final judgment of dissolution, the wife was awarded "her special equity of 50% in the Husband's pension at Southern Bell at such time as he retires from the company including any lump sum benefits."
As an initial matter, we note that the wife was awarded an interest in the pension plan as a "special equity." The term "special equity" was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Here, the wife does not appear to have made any such special contribution. However, the term "special equity" has also been used to justify an award of lump sum alimony and when used in this context, it concerns only whether the equities of the case justify such an award. Id. We believe that the court below simply meant that the equities of this case justified the award of an interest in the pension plan as equitable distribution of a marital asset. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985).
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), the Florida Supreme Court recently held that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property. While noting that reduction to present value might best place the benefits in proper perspective for such purposes, *615 the court expressly declined to impose any rigid rules and left the doing of equity to the trial court. The trial court's scheme of distribution, of course, remains subject to appellate review under the "reasonableness" standard set forth in Canakaris.
The supreme court also observed that various methods of valuing potential future rights have been adopted:
The most preferable approach involves a reduction to present value factoring in the contingencies of vesting, maturity, and the pensioner's mortality. (Citation omitted.) Other courts have reserved jurisdiction over the parties and ordered a percentage pay-out upon the pension's maturity. While this method assuages the fear that the property allocation will be unfair if based on a pension which the other spouse may never in fact receive, several practical problems exist with the reserved jurisdiction method. See Kalinoski v. Kalinoski, 9 Fam.L.Rep. (BNA) 3033, 3037 (Pa. Dec. 1, 1982) (C.P. Butler Co.) ("Reserving jurisdiction has a beguiling appearance of simplicity which masks complicated problems. A present disposition is actually the more conservative approach.") We note, however, that at least one Florida court, in a 1982 decision, modified a 1971 divorce decree by ordering that alimony `shall increase automatically in an amount equal to one-half of the gross of any increase received by the husband in [military] retirement income.' Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982).
We feel no need to belabor the varying approaches which courts have taken in valuing the benefits, because the courts have so far quite sufficiently dealt with the problem. No recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity. While reduction to present value may often best ensure an equitable distribution of property, we cannot say it would do so in every case. As in calculating an award of alimony or maintenance, `[t]he court may consider any other factor necessary to do equity and justice between the parties.' § 61.08, Fla. Stat. (1985). The wealth of the parties, their future prospects, the duration of the marriage and each party's contribution to the marriage, among other factors, will bear on the question.
491 So.2d at 269.
In the present case, the court made no valuation of the pension but simply held that the wife was entitled to a one-half interest. Presumably the wife will receive one-half of the benefit, whatever that is, which is paid at retirement. If the husband continues to work for Southern Bell, this benefit should increase and the wife would be sharing in benefits acquired after the dissolution of the marriage. We agree with the husband that this is improper. See In Re Marriage of Frazier, 125 Ill. App.3d 473, 466 N.E.2d 290, 293, 80 Ill.Dec. 838, 841 (1984). ("Marital property rights cannot inure in property acquired after a judgment of dissolution of marriage ... and the same is true of the appreciation of marital property occurring after that judgment.") Accordingly, we remand the cause for valuation and distribution of the husband's pension benefits in accordance with the principles outlined in Diffenderfer.
AFFIRMED in part; REVERSED and REMANDED in part.
DAUKSCH and SHARP, JJ., concur.