PER CURIAM.
Where, as here, the only significant marital asset of the parties was the marital home which, under a view of the evidence most favorable to the appellee, see Walter v. Walter, 464 So.2d 538 (Fla.1985), had an equity of $100,000 at the time of the dissolution of the parties’ eleven-year marriage; the wife has a net worth and earnings equal to or greater than the husband; and, as the trial court correctly found, there are no special equities which might justify some disparity in the distribution of the marital assets, the trial court abused its discretion in requiring the appellant-husband to deed his interest in the marital home to the wife in exchange for “a non-interest bearing Note and Mortgage ... in the amount of $40,000.00 which shall be due and payable upon the earlier to occur of the sale of the Property, the Wife remarrying or permanently vacating the Property.” [1]
We agree with the husband that there is no justification for awarding the wife sixty percent and the husband forty percent of the present equity of the marital home and no justification for freezing the husband’s interest in the property at a fixed amount and thereby denying him both the right to participate in the future appreciation, if any, of the property and the right to the use of the money for a projected ten years.
Accordingly, we reverse that part of the Final Judgment of Dissolution of Marriage which requires the husband to transfer his interest in the marital home to the wife and the wife to execute a note and mortgage to the husband. We direct the trial court to modify the judgment to recite that the marital home shall be held by the parties as tenants in common with the wife to have the exclusive use and occupancy of it until the children have either reached the age of eighteen, married, died, or permanently vacated the home, at which time the home is to be sold with the parties to divide the proceeds equally after allowing them appropriate credits. In all other respects, the judgment is affirmed.
Affirmed in part; reversed in part with directions to modify.

. Our concern that the wife's promissory note was largely illusory in that it need not be paid in her lifetime was alleviated when at oral argument her counsel agreed that the house must be sold when the younger of the parties’ two children reaches his majority.