649 So.2d 315 (1995)
John BLEVINS, Appellant,
v.
Bonita BLEVINS, Appellee.
No. 93-1870.
District Court of Appeal of Florida, First District.
January 26, 1995.
John Paul Howard, Jacksonville, for appellant.
Bonita Blevins, pro se.
*316 ZEHMER, Chief Judge.
John Blevins appeals an Amended Order for Payment of Retirement Benefits that awards his former wife, Bonita Blevins, monthly payments, according to a stated formula, from his "basic" and "temporary" retirement benefits payable by his employer, General Motors (GMAC). Mr. Blevins contends that the trial court erred in awarding Ms. Blevins a share of his "temporary" retirement benefits, received after being forced to retire early, three years after the parties' marriage was dissolved; and that the trial court had no jurisdiction to amend the original order awarding retirement benefits by adding paragraphs 3, 4, 5 and 6, without first providing him with notice and an opportunity to be heard on the matter. We hold that the trial court erred in awarding Ms. Blevins a share of Mr. Blevins's "temporary" retirement benefits, because such benefits did not accrue during the marriage.
On December 20, 1990, the trial court entered a final judgment that dissolved the parties' 7 1/2-year marriage and equitably distributed their marital property, including the portion of Mr. Blevins's pension plan with GMAC that accrued during the parties' marriage.[1] On March 1, 1993, Mr. Blevins was forced to retire early from GMAC at age 51, pursuant to the terms of an agreement between GMAC and the United Auto Workers Union (UAW). That agreement provided for the payment of "basic" retirement benefits for life based on years of service, in addition to "temporary" benefits to be paid monthly until the age of 62 when the employee becomes eligible to receive social security benefits. After a hearing on Ms. Blevins's motion for entry of an amended qualified domestic relations order, the trial court entered an Order for Payment of Retirement Benefits on March 22, 1993, which provides that, beginning March 1, 1993, Ms. Blevins is entitled to receive the sum of $115.88 per month from Mr. Blevins's "basic" retirement benefits pursuant to the terms of the dissolution judgment.[2] Ms. Blevins subsequently sent a letter to the trial judge, dated March 24, 1993, requesting a hearing and amendment of the March 22, 1993, order. The letter states that Mr. Blevins's attorney misrepresented certain facts to the court and that Mr. Blevins is actually receiving $1,735.20 in retirement benefits. Attached to the letter were a proposed amended order and copies of some pages of the retirement agreement. Without holding a hearing or otherwise giving Mr. Blevins an opportunity to be heard on the letter or proposed amended order, the trial court entered an Amended Order for Payment of Retirement Benefits that requires payment to Ms. Blevins of $255.58 per month from Mr. Blevins's basic and temporary retirement benefits based on the following findings:
The court has reviewed the Supplemental Agreement Covering Pension Plan between GMAC and UAW dated September 17, 1990, Article II, Eligibility for Retirement *317 and Amount of Pensions, Section 4 Amount of Pension, and finds basic benefit and temporary benefit are both part of the pension plan and payment should be based upon the combined total.
From the foregoing, the Court finds the former wife is entitled to the percentage as set forth in the Final Judgment of Dissolution of Marriage as is applicable to the basic retirement benefit and the temporary benefit totaling $1,735.20 monthly. The computation of this is 1/2 X 7.5 divided by 28.8 equals 13% of $1,735.20 or the sum of $225.58 monthly. When the temporary benefit expires this formula will apply to basic benefit... .
The Amended Order also adds six additional paragraphs not contained in the March 22, 1993, Order for Payment of Retirement Benefits.
We hold that the trial court erred in awarding Ms. Blevins a portion of Mr. Blevins's "temporary" retirement benefits because those benefits were not accrued during the parties' marriage. Mr. Blevins's right to the temporary retirement benefits arose by reason of an agreement negotiated and entered into after the dissolution of the parties' marriage. Accordingly, the temporary retirement benefits cannot be treated as retirement benefits that accrued during the parties' marriage. See Salazar v. Salazar, 583 So.2d 797 (Fla. 1st DCA 1991); Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). The trial court erred in amending the March 22, 1993, Order for Payment of Retirement Benefits to award Ms. Blevins a portion of Mr. Blevins's temporary retirement benefits.
The Amended Order is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BENTON, J., concurs.
KAHN, J., concurs and dissents with opinion.
KAHN, Judge, concurring and dissenting.
I concur with the remand in this case. I would, however, treat the question of whether benefits such as those now being received by Mr. Blevins on account of his early retirement are the substantial equivalent of a pension as a question of fact, subject to appropriate proof. This case must be remanded in my view because no such proof appears. I would not, however, subscribe to the view that merely because the agreement between Mr. Blevins' employer and his union was "negotiated and entered into after the dissolution of the parties' marriage," no part of the temporary retirement benefit could be marital property.
This case is unlike Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986), or Salazar v. Salazar, 583 So.2d 797 (Fla. 1st DCA 1991). In Howerton, the order reversed on appeal simply awarded the wife one-half of the husband's pension benefits, rather than awarding her a portion of the husband's retirement benefits acquired during the marriage. Clearly in that case, as the court observed, "the wife would be sharing in benefits acquired after the dissolution of the marriage." 491 So.2d at 615 (emphasis in original). Similarly, in Salazar, this court reversed an order which awarded the wife military retirement benefits calculated in part upon the husband's promotion in rank after the termination of the marriage. The facts of the present case tend toward what I would view as a more gray area. It is certainly conceivable that in a given case an early retirement incentive would be viewed entirely as nonmarital. I would also think, however, that upon sufficient proof, a court could enforce an earlier order of equitable distribution by viewing all or part of an early retirement incentive as the substantial equivalent of a pension. See, Kelson v. Kelson, 647 So.2d 959 (Fla. 1st DCA 1994) (Booth, J., dissenting). I would require the trial court to hold a hearing on remand to address this issue.
NOTES
[1] The dissolution judgment provides in pertinent part:

8. The Wife is awarded a one-half (1/2) interest in that portion of the Husband's General Motors pension which was acquired during the marriage. The amount of the Wife's interest upon the Husband's retirement shall be calculated based upon the following formula  1/2 of a fraction composed of a numerator of 7.5 (years of marriage) and a denominator composed of the total number of years the Husband works for General Motors until retirement. If the Husband works a total of 30 years, the Wife's interest shall be 1/2 X 7.5 divided by 30, or 12.5%. The Court retains jurisdiction to enter a Qualified Domestic Relations Order to enforce the provisions of this award and to amendment [sic] of that Order to conform to the requirement of the plan trustee.
[2] The order recites in pertinent part:

The Court has reviewed the agreement covering supplemental employment benefit and pension plan between GMAC and UAW dated September 17, 1990 wherein in paragraph 7 on page 67 it recites the "BASIC BENEFIT" to be as follows:
"The monthly benefit payable under the Plan for the lifetime of a retired or separated employee, including a benefit reduced by a percentage because of early retirement. The term "basic benefit" shall not include any temporary benefit, special benefit, or supplement payable under the Plan."
From the foregoing, the Court finds the former wife is entitled to the percentage as set forth in the Final Judgment of Dissolution of Marriage as is applicable to the basic retirement benefit of $891.36. The computation of this is 1/2 X 7.5 or 28.8 equals 13% of $891.36 or the sum of $115.88... .