654 So.2d 154 (1995)
Joyce A. GIOVANELLI, Appellant/Cross-Appellee,
v.
Richard P. GIOVANELLI, Appellee/Cross-Appellant.
No. 93-3048.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
Order Granting Clarification May 8, 1995.
*155 August Frank La Rocco, Jr. and Tracy Belinda Newmark of Fixel & La Rocco, Hollywood, for appellant/cross-appellee.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee/cross-appellant.

ON MOTION FOR REHEARING
GUNTHER, Judge.
We grant appellee's motion for rehearing, withdraw our earlier opinion and substitute the following:
Appellant, Joyce Giovanelli (Former Wife), respondent below, appeals a final order granting the Appellee's, Richard Giovanelli (Former Husband), petition for modification and amended petition for modification. We affirm in all respects except one.
In the order granting Former Husband's petition for modification and amended petition for modification, the trial court ordered each party to bear his or her own costs, attorney's fees, certified public accountant fees and any other costs incurred in the post-judgment litigation.
The principle criterion for an award of attorney's fees in a marital case is the relative financial resources of the parties. Armstrong v. Armstrong, 623 So.2d 1216, 1218 (Fla. 4th DCA 1993). Moreover, it has been pronounced that the award of attorney's fees is proper to avoid an inequitable diminution of the fiscal sums granted the wife in those proceedings. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980).
In the present case, Former Wife will have an annual alimony income of $66,000.00 plus $12,000.00 for child support, while the trial court found Former Husband to have an anticipated income of $171,000.00 in 1993. Given the apparent disparity in the parties' annual incomes, the trial court erred in failing to award Former Wife reasonable attorney's fees and costs. Upon remand, the trial court should determine need and ability by recalculating the parties' relative financial resources, taking into account the amounts paid by Former Husband for alimony, child support, and health insurance for Former Wife. See Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, C.J., and KLEIN, JJ., concur.

ORDER ON MOTION FOR CLARIFICATION
ORDERED that appellee's motion filed April 10, 1995, for clarification is granted, and the motion for attorney's fees and costs filed by Tracy Belinda Newmark, counsel for appellant/cross-appellee, is hereby granted, and pursuant to Fla.R.App.P. 9.400(b), upon remand of this cause the amount thereof shall be assessed by the trial court upon due notice and hearing, subject to review by this court under Fla.R.App.P. 9.400(c). If a motion for rehearing is filed in this court, then services rendered in connection therewith, including but not limited to preparation of a responsive pleading, shall be taken into account in computing the amount of the fee.