PER CURIAM.
This cause is before us on Former Wife’s appeal from a final judgment of dissolution of marriage, in which the trial court granted primary residential custody of the parties’ three children to Former Wife and ordered Former Husband to pay child support.
Former Wife argues that in calculating Former Husband’s child support obligation under section 61.30, Florida Statutes (Florida’s child support guidelines), the trial court erred by excluding from her gross income certain social security benefits received on behalf of the parties’ eldest child, due to that child’s psychiatric condition. The exclusion of these benefits, Former Wife argues, resulted in a lower combined net income for the parties, and an accordingly lower child support obligation under the guidelines. See § 61.30(5) & (6), Fla. Stat. (“Net income for the obligor and net income for the obligee shall be added together for a combined net income ... [and the child support schedules] shall be applied to the combined net income to determine the minimum child support need.”). Thus, Former Wife argues, Former Husband’s child support obligation would have ultimately been higher if the trial court had not excluded the social security benefits from its calculation of her gross income.
While section 61.30(2)(a)(8), Florida Statutes, provides that “[g]ross income shall include ... [s]ocial security benefits,” nothing in that section suggests that it extends to social security benefits received on behalf of a child (as opposed to on behalf of the parent whose gross income is at issue).[1] As noted by the trial court in the present case, the eldest child’s social security benefits are more akin to aid to families with dependent children benefits (“AFDC benefits”), which are specifically excluded from gross income under section 61.30(2)(e), Florida Statutes, and which, by definition (like the social security benefits at issue here), are for the benefit of the subject dependent child, not for the benefit of the parents per se. We therefore hold that the trial court did not err by excluding from its calculation of Former Wife’s gross income the social security benefits she receives on behalf of the parties’ eldest child.
However, the trial court further held that due to her receipt of the social security *93 benefits, the parties’ eldest child “should not be included in the child support calculations ... [and] child support should be paid by the husband as if there were only two (2) [instead of three] children,” reasoning that “it would not be equitable or appropriate to increase the husband’s basic child support payments merely because the wife has the benefit of federal assistance.” We hold that this was error, as nothing in the guidelines authorizes such complete exclusion of a child and, more significantly, the trial court had already essentially “credited” Former Husband with the eldest child’s social security benefits, as it had excluded them from its calculation of Former Wife’s gross income. See discussion, supra (analogizing the eldest daughter’s social security benefits to AFDC benefits); Chapoteau v. Chapoteau, 659 So.2d 1381, 1384 (Fla. 3d DCA 1995) (“The spirit of section 61.30(2)(c) [excluding AFDC benefits from gross income] would be violated by a reduction in a parent’s child support obligation based on social benefits that correspond to this type of assistance.”).
We therefore affirm the trial court’s exclusion from its calculation of Former Wife’s gross income the social security benefits she receives on behalf of the parties’ eldest child, but reverse the trial court’s complete exclusion of the eldest child in its application of the child support guidelines.[2] On remand, we direct the trial court include the eldest child in redetermining Former Husband’s child support obligation under the guidelines, and leave to the trial court’s discretion whether to adjust that obligation under section 61.30(11), Florida Statutes (“The court may adjust the minimum child support award ... based on [certain enumerated considerations].”).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BOOTH, JOANOS and BENTON, JJ., concur.

. Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1990), upon which Former Wife relies, is thereby distinguishable, as it involved children receiving ’social security benefits arising from their father's disability, not their own disabilities. The court in Williams, 560 So.2d at 310, held:
[T]he trial court erred in not including the [husband’s] social security benefits received by the children when calculating the husband’s contribution to the combined family gross income. Section 61.30(2)(a)8 specifically directs that, “Gross income shall include ... social security benefits.”
In cases such as this, a parent's [as opposed to a child’s] social security payments made directly for the support of children ... should be credited against that parent's child support obligations.
This holding neither informs nor controls the present case.

. We affirm without comment all other issues raised on appeal.