SORONDO, Judge.
Mark Roy Schwartz (husband) appeals to this Court the lower court’s Final Judgment of Dissolution of Marriage, and Evelyn Behr Schwartz (wife) cross-appeals.
The husband and the wife were married for 26 years. Both are in their mid-40’s. Their 23-year-old son was determined by the trial court and by stipulation of the parties to be a dependent adult. The parties *532 owned a marital home, with no mortgage, which the trial court valued at $175,000.
The husband has been a service technician with AT & T for 30 years. His income was $42,000-$50,000 since 1989 (not counting relocation expenses, overtime, and other benefits). The husband has no attorney’s fees because' he has a legal plan with AT & T.
The wife was a paralegal during all but the first 5 years of the marriage. For 11 years prior to the separation, the wife earned $30,-000-$35,000/year. After the separation, the wife was laid off from her paralegal position and then was employed in various temporary positions until she accepted a paralegal position with the State Attorney’s Office paying $20,573/year. The trial court found that the wife was not voluntarily underemployed and accepted the expert testimony of the wife’s vocational rehabilitation consultant regarding a reasonable rehabilitative plan to maximize the wife’s earning potential.
The trial court entered its Final Judgment in February of 1996. Both parties moved for rehearing and were denied. This appeal ensued.
I.
The husband appeals the award of rehabilitative alimony. As indicated above, the parties were married for 26 years. The trial court did not find that permanent alimony was in order but did award the wife $900.00 per month in rehabilitative alimony for a period of 8 years. The court accepted the rehabilitative plan submitted by Rosalyn Doscher, a vocational rehabilitation consultant called as a witness by the wife, which calls for the wife to obtain a pharmacy degree within the designated period of time. The law is clear that the nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court. Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988). Where the record contains sufficient evidence to support the trial court’s judgment, the discretionary ruling of the trial judge should not be disturbed. Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985). As long as a reasonable person could differ as to the propriety of the action taken by the lower court, there can be no finding of an abuse of discretion and the award should be affirmed. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Although the rehabilitative plan is’unusual, we cannot conclude that the trial judge abused her discretion. See Hann v. Hann, 629 So.2d 918 (Fla. 2d DCA 1993); Deckard v. Deckard, 590 So.2d 35 (Fla. 4th DCA 1991); Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA 1988); Blumberg v. Blumberg, 498 So.2d 1387 (Fla. 3d DCA 1986); Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977). Consequently, we affirm the award of rehabilitative alimony.
In order to address some legitimate concerns expressed by the husband, we clarify the award as follows: It is clear that the intent of the trial' judge was to maximize the wife’s earning potential by enhancing her education in the manner described. The rehabilitative plan contemplates that the wife will obtain an assistant pharmacy degree in 4 years (part-time attendance) and a bachelor’s degree in pharmacy during the following 4 years (full-time attendance). The purpose of the award was clearly to provide her with support during this period of rigorous academic endeavor. We conclude, therefore, that in order to collect the rehabilitative alimony award, the wife must adhere to the academic agenda contemplated by the rehabilitative plan. Should the wife decide to discontinue her education after the first 4 years, for example, she would no longer be entitled to the balance of the award. Likewise, should she fail to enroll in and pursue a full-time program to achieve her bachelor’s degree in pharmacy, she would forfeit the balance of the award.
II.
The husband raises four points as concerns the child support ordered by the Final Judgment. We find only one of them to be meritorious. The husband argues that the trial judge erred by reducing the amount of child support by the amount being paid to the child by Social Security. The trial court established that the combined net income of the parties was $4,526.00/month. The base guideline child support amount from this sum is $916.00. The court deducted the social security income which is paid to the son of *533 the parties, $458.00, from the $916.00. The husband’s prorata share was 72% and the wife’s was 28%. Using these numbers, the wife’s child support obligation was set at $128.24.
We agree with the husband that the amount his son receives from the government for his disability was incorrectly deducted from the base guideline child support amount. In Hall v. Hall, 677 So.2d 91 (Fla. 1st DCA 1996), the First District Court of Appeal confronted this very issue. There, the appellant argued that the exclusion of the social security benefits received by her eldest child due to the child’s psychiatric condition resulted in a lower combined net income for the parties and, consequently, a lower child support award. The Court stated:
While section 61.80(2)(a)(8), Florida Statutes, provides that “[g]ross income shall include ... [sjocial security benefits,” nothing in that section suggests that it extends to social security benefits received on behalf of a child (as opposed to on behalf of the parent whose gross income is at issue).
Id. at 92. The Court went on to analogize the type of benefit at issue here with aid to families with dependent children benefits (“AFDC” benefits), which are excluded from gross income under section 61.30(2)(e), Florida Statutes, and which are (like the benefits at issue in this case) for the benefit of the child. We agree with the analysis in Hall and find additional support for this conclusion in other jurisdictions. See Oatley v. Oatley, 57 Ohio App.2d 226, 387 N.E.2d 245 (1977); see also Powell v. Powell, 111 Ohio App.3d 418, 676 N.E.2d 556 (1996); In re the Marriage of Linda R. Thornton, 802 P.2d 1194 (Colo.Ct.App.1990); Kyle v. Kyle, 582 N.E.2d 842 (Ind.Ct.App.1991); In the Matter of the Marriage of Michelle L. Emerson, 18 Kan.App.2d 277, 850 P.2d 942 (1993); Hammett v. Woods, 602 So.2d 825 (Miss.1992); In re Marriage of Terri D. Durbin, 251 Mont. 51, 823 P.2d 243 (1991); Nelson v. Nelson, 454 N.W.2d 533 (S.D.1990). Accordingly, we reverse the child support award and remand for recalculation of the appropriate amount without deduction of the child’s Social Security benefits.
III.
In paragraph 6 of the Final Judgment, the trial court ordered that
The husband shall have four (4) months from the date of this order to obtain a refinancing commitment on the marital home located at 7765 Southwest 142nd Street, Miami, Florida 33183 in order to pay the Wife the sum of $87,500.00 as equitable distribution. Thereafter, the loan should close in not more than thirty (30) days from the date of the commitment unless the lender is unable to do so through no fault of Mr. or Mrs. Schwartz.
The court goes on to say that if the husband is unable to refinance the property, it should be promptly listed for sale. The husband argues that the lower court erred in requiring him to refinance the home in order to pay the wife’s share of the equity to her and in requiring the husband to pay the wife the sum certain for her equity irrespective of the amount of the sale price of the home if the home is sold rather than refinanced.
At oral argument, counsel informed this court that the refinancing issue was moot because the parties had agreed to sell the house. It is clear from the Final Judgment that the trial court determined that the wife should receive one-half the value of the marital home. We agree with the husband, however, that the language of the Final Judgment suggests otherwise. Accordingly, we reverse that portion of the Final Judgment that orders the husband to pay the wife the sum of $87,500.00. Upon remand, the Final Judgment will be corrected to indicate that the wife shall receive one-half of the proceeds of the sale of the house.
IV.
The wife cross-appeals and raises two points. First, she argues that the Final Judgment erroneously established the marital debt to be $4,900.00 where the liabilities reflected on both parties’ financial affidavits at the time of the filing of the Petition for Dissolution of Marriage totaled $70.00. The trial court ordered “the parties’ marital debts in the amount of $4,900.00 to be split equally between the parties.” We have carefully re *534 viewed the record below and can find no evidence which supports the existence of this debt. More significantly, as concerns this debt, the Final Judgment fails to comply with section 61.075(3)(d), Florida Statutes, in that it does not identify the nature of the liabilities with sufficient specificity to allow for meaningful appellate review. We reverse the determination of this marital debt and remand with instructions to conduct a new hearing on this issue.
Next, the wife argues that the trial court erred in ordering her to pay for 28% of her son’s uncovered medical expenses. She indicates that whatever medical expenses are not covered by the husband’s health insurance are covered by Medicaid. Accordingly, there should be no outstanding balance on any medical bill incurred by her son. This is entirely possible but not inconsistent with the trial judge’s order. It is clear that the lower court wanted to ensure that the parties’ son’s medical expenses be completely covered. The provision in the Final Judgment simply states that in the event such expenses are not covered by some form of insurance, the parties will be responsible in the percentages indicated. We therefore affirm this provision of the Final Judgment.
Affirmed in part; reversed in part and remanded with instructions.