714 So.2d 1165 (1998)
Wayne Henry OLSEN, Appellant,
v.
Ivadale G. KEEFER, Appellee.
No. 97-3810.
District Court of Appeal of Florida, First District.
July 27, 1998.
Arthur G. Sartorius, III, P.A., Jacksonville, for appellant.
*1166 Nancy N. Nowlis of Zisser, Robison, Brown, Nowlis and Wedner, P.A., Jacksonville, for appellee.
WOLF, Judge.
Wayne Henry Olsen, the former husband, appeals from a final order domesticating a California judgment dissolving the marriage between himself and his former wife, Ivadale Keefer, appellee. The order which is being appealed also determined the former wife's entitlement to certain portions of the former husband's pension benefits. Appellant raises two issues: Whether the trial court erred in awarding the former wife an interest in the former husband's retirement plan based on the deferred benefit sharing formula contained in DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), and whether the trial court erred in awarding the former wife an interest in the former husband's retirement plan because the trial court originally addressing the issue did not specifically reserve jurisdiction. We determine that the trial court correctly found that the original dissolution judgment from California reserved jurisdiction to distribute the former husband's pension plan at a future time. We affirm as to that issue without further comment. We find, however, that the trial court improperly determined the former wife's share of the husband's pension in violation of the principles announced in Boyett v. Boyett, 703 So.2d 451 (Fla.1997), and Blevins v. Blevins, 649 So.2d 315 (Fla. 1st DCA 1995), rev. dismissed, 654 So.2d 130 (Fla.1995).[1]
On August 13, 1997, the trial court held a final hearing on the former wife's petition to domesticate and enforce the California judgment of dissolution. The former wife's position was that she was entitled to a percentage of the former husband's monthly retirement benefit checks based on the labor contract with the former husband's employer which was in effect at the time of the former husband's retirement in 1995. Both parties put on expert witnesses to testify as to the proper division of the pension plan. The trial court basically adopted the former wife's position and determined that, based on a 1993 retirement plan, she should receive a monthly benefit equal to 24 percent of the former husband's monthly retirement. The trial court reached this result by applying the formula set forth in DeLoach.
In Boyett, the supreme court disapproved the deferred distribution method of division of pension benefits adopted by this court in DeLoach. See Boyett, supra at 452.[2] The court reasoned in Boyett that in many cases, utilization of the DeLoach formula would include contributions to the pension plan and the accrual of benefits after the date of the original judgment of dissolution. In Boyett, the court expressed that such a practice would not give effect to the statutory definition of marital assets in section 61.075(5)(a), Florida Statutes. See id. In Blevins, this court held that the trial court erred in calculating benefits to be distributed based upon a collective bargaining agreement negotiated and entered into after dissolution of the parties' marriage. See Blevins, supra at 317.
In the instant case, it appears that the distribution scheme adopted by the trial court included benefits accrued after dissolution of the parties' marriage, including increased benefits from a subsequently adopted collective bargaining agreement. We, therefore, reverse the trial court's distribution of the husband's pension plan and remand for reconsideration in accordance with the principles announced in Boyett and Blevins.
MINER and DAVIS, JJ., concur.
NOTES
[1] Neither party argued the applicability of any other state's law as to the equitable distribution of property.
[2] We would note that the trial court did not have the benefit of the Boyett decision at the time it entered the order in the instant case.