757 So.2d 628 (2000)
Darwin V. BROWN, Appellant,
v.
Judith A. MINNING f/k/a Judith A. Brown, Appellee.
No. 5D99-2637.
District Court of Appeal of Florida, Fifth District.
May 19, 2000.
James R. Dressler, Cocoa Beach, for Appellant.
Joseph E. Deleo of Watson, Soileau, Deleo Burgett & Pickles, P.A., Cocoa, for Appellee.
JOHNSON, Jr., W.C., Associate Judge.
Darwin Brown appeals from an order which denied his request to terminate alimony and granted the request of his former wife, Judith Brown (now Minning) to enforce the alimony provisions of the second amended final judgment of dissolution. On appeal, Darwin contends that the trial court erred in interpreting the formula *629 used to calculate Judith's alimony. We disagree and affirm.
The parties in this case had been married twenty-five years and had five children. Darwin, an aeronautical engineer, worked at NASA. Judith was primarily a homemaker.
On September 15, 1982, a final judgment dissolving their marriage was signed. The final judgment awarded Judith lump sum alimony of $16,423.20. This amount represented one-half of Darwin's present interest in his NASA retirement account. Darwin was also ordered to pay Judith $230 per week as permanent alimony.
Darwin petitioned for rehearing and an amended final judgment was signed a few weeks later. The amended final judgment did not affect the provisions regarding lump sum alimony or permanent alimony.
Darwin again petitioned for rehearing. On January 5, 1983, a second amended final judgment of dissolution was entered. The provision regarding the $16,423.20 lump sum alimony was deleted and the following provision was added:
7. Upon Petitioner's retirement from NASA he shall immediately commence paying the Respondent, as alimony, the sum of $10,000.00 per year or an annual sum equal to:
Portion of pension
attributable to creditable
service during existence of Annuity (Pension)
marriage 18 years × ½ × for 1 year)
Pension attributable to
total creditable service
whichever is greater. Said sum shall be paid in equal monthly installments and shall continue until the death of the Respondent and shall not terminate upon the Petitioner's death or the Respondent's remarriage. This award is based in part on the representation of the Petitioner as to the value of his NASA retirement account and his representation that he intends to promptly retire from his employment with NASA upon completion of 30 years service. Upon request of the Respondent, the Petitioner shall provide proof from his employer as to the value of his retirement, assurance from his employer that the above amounts will be available to the Respondent upon death of the Petitioner, and any other information regarding the Petitioner's retirement requested by the Respondent. The terms of this paragraph shall not be modified subject to the figures above being accurate.
In January 1986, Darwin filed a petition to modify and terminate alimony. In this petition, Darwin quoted the provisions of the second amended final judgment regarding payment of permanent alimony and paragraph seven regarding the NASA retirement. The parties later stipulated to a settlement of the alimony dispute. The parties agreed that permanent alimony terminated as of January 1986 and that "all other provisions of the second amended final judgment of dissolution of marriage shall remain in full force and effect." This stipulation was approved by the court.
In 1998, Darwin filed a supplemental petition to modify and terminate alimony. In this petition, Darwin attacked the provision regarding his NASA retirement on numerous grounds, including that Judith should not be allowed to share in any increases of salary, benefits or pay grade earned by him after the dissolution of the marriage. Judith filed her own petition to enforce the alimony provision.
At the hearing on these petitions, Judith testified that she was to receive over $16,000 in lump sum alimony in the original final judgment. However, Darwin did not have the money to pay this amount and wanted to pay her when he received his retirement from NASA. Based on a Louisiana case, Sims v. Sims, 358 So.2d 919 (La.1978), Darwin devised a formula for paying the lump sum alimony from his NASA retirement. Judith produced a copy of the Sims case with Darwin's calculations on it. Judith agreed to waive the set amount of lump sum alimony in return for a portion of Darwin's NASA retirement *630 benefit. Judith did not believe that Darwin was being penalized by now having to pay this: "Mr. Brown had a choice at that time of paying the $16,000 or doing it his way that he worked out the formula ... this was his choice at the time."
Darwin testified that he retired from NASA in January 1997, after thirty-two and one-half years of service. At the time of the marriage, Darwin had a rating of GS14, step 7. When he retired, he had progressed through promotions and step increases to a GS14, step 10. Darwin now receives a retirement benefit of $4,171.00 per month.
Darwin admitted that at the time of the dissolution, he was financially overextended and did not have the money to pay Judith the $16,000 lump sum award. Darwin's counsel suggested that the Sims case might provide another way to pay the alimony. Counsel for the parties negotiated an agreement but Darwin did not feel that his representation was adequate and ultimately fired his attorney. Darwin, however, acknowledged that he agreed to the formula in the NASA provision but claimed that he only intended that Judith would share his retirement at the level achieved during the marriage.
The trial court found that the set amount of lump sum alimony had been changed at Darwin's request to the formula in the second amended final judgment, that the parties agreed that it was proper and legal to do so, and that any problems with the formula should have been objected to or appealed at the time. The trial court specifically found that the formula contemplated the use of the retirement benefit associated with Darwin's total creditable service and not just the service earned during the marriage. The court also found that the other alimony issues had been settled by the parties. Accordingly, the court denied Darwin's petition to modify and granted Judith's petition to enforce the second amended final judgment.
On appeal, Darwin contends that the trial court erred in determining that Judith's share of his retirement benefit would be calculated based on his total creditable service. According to Darwin, his NASA retirement benefit is calculated using the average of his three high salary years. See 5 U.S.C. § 8339. Following his dissolution, Darwin progressed several steps, thus earning more income. To determine Judith's alimony under the second amended final judgment, Darwin argues that his pension benefit must be based on his three high salary years during the marriage. Otherwise, Judith will be sharing in benefits accrued after the marriage.
Darwin is correct that current law provides that a spouse should not receive benefits accrued after dissolution of the parties' marriage. See Boyett v. Boyett, 703 So.2d 451 (Fla.1997) (valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution); Olsen v. Keefer, 714 So.2d 1165 (Fla. 1st DCA 1998) (former wife was not entitled to portion of husband's retirement benefits accrued after dissolution); Paris v. Paris, 707 So.2d 889 (Fla. 5th DCA 1998) (former wife should not share in any increase in salary earned by the former husband after the dissolution for purposes of calculating pension benefits). See also Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990), approved, Boyett (valuation of retirement plan should exclude any contributions made after original final judgment of dissolution).
Here, however, the second amended final judgment was entered in 1983 seven years before Bain and almost fifteen years before Boyett. In addition, the formula used to determine Judith's alimony came from Darwin. This formula contemplates the use of the retirement benefit paid to the employee spouse at the time of his separation from service, and not the amount payable had he separated from service at the time of his dissolution.
*631 As the trial court noted, Judith had the present right to over $16,000.00 in lump sum alimony under the original and amended final judgments. She gave up this valuable right in return for a portion of Darwin's pension, to be calculated in accordance with paragraph seven of the second amended final judgment. Judith clearly provided valuable consideration for this modificationa modification which Darwin sought because he was financially overextended and unable to pay the lump sum alimony. Since the parties agreed to this formula, Darwin is not entitled to change it now and the trial court was correct in enforcing this agreement against Darwin. See Malone v. Malone, 637 So.2d 76 (Fla. 5th DCA 1994) (provision in separation agreement incorporated into final dissolution judgment which provided for automatic increases in husband's child support obligation based on increases in his salary was enforceable even though such provisions are disapproved when ordered by the court; a trial court can enforce provisions in a marital settlement agreement, even though the court could not order the same provisions absent an agreement).
AFFIRMED.
W. SHARP, and PLEUS, JJ., concur.