869 So.2d 716 (2004)
Jack BLAINE, Appellant,
v.
Thais BLAINE, Appellee.
No. 4D02-424.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
*717 Steven Cripps of the Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellee.
STEVENSON, J.
This is an appeal and cross-appeal from an order of dissolution of marriage. The former husband, Jack Blaine, seeks review on the basis that the trial court erred in its determination and plan of equitable distribution and in failing to award him attorney's fees and costs. In her cross-appeal, the former wife, Thais Blaine, argues that the trial court erred in failing to award her attorney's fees and bridge-the-gap alimony, and in valuing the household contents at $37,500. We affirm and write to briefly discuss the trial court's failure to award the former wife attorney's fees.
The parties were married on March 14, 1994, and the petition for dissolution was filed on December 17, 1999. The former husband was fifty-six years of age at the time of the entry of the final judgment in December 2001, and former wife was forty-five years of age. The parties had no children during the marriage and the wife had one child from a prior marriage.
The former husband is employed as a highly paid executive with Unisys Corporation. The former husband's gross income for the year 2000 was $678,312; his net monthly income as determined by the trial court is $27,814. The former wife had been employed as a sales associate for Unisys in Venezuela and earned approximately $100,000 per year when she worked full-time from 1983 to 1991. She re-located to Miami at the request of former husband and continued to work part-time for Unisys, earning approximately $65,000 per year. In 1995, the former wife stopped working with the approval of former husband because he wanted her to travel with him and to spend more time with her daughter, and for income tax purposes. Prior to the entry of the final judgment, former wife began selling residential real estate.
The parties' substantial marital assets of $4,106,301 were divided equally. The former wife was distributed a total of *718 $2,079,081 in marital assets: approximately $23,000 in cash; $847,710 in retirement and pension plans; $1,124,000 in real property, a $50,000 automobile; and personal property and jewelry valued at $39,000. The former husband also received a total of $2,079,081 in marital assets, consisting of similar, but not identical, categories as those given to the wife. Both parties received approximately $23,000 in cash. For the most part, the parties were equally responsible for the marital liabilities of approximately $349,000, except that the court ordered that the former husband was responsible to pay $113,545 of a $250,000 Washington Mutual loan balance because he used that amount to pay for professional fees in the case.
The former wife recognizes that the marital assets are substantial, and that she received half of them. Nevertheless, she argues that due to former husband's vastly superior income, the trial court erred in failing to award her attorney's fees. We disagree.
Section 61.16(1), Florida Statutes (2003), allows the court "after considering the financial resources of both parties, [to] order a party to pay a reasonable amount for attorney's fees, suit money, and [costs]." An award of attorney's fees requires a determination of one party's financial need and the other party's ability to pay, which involves a comparison of their respective financial resources. See Bryan v. Bryan, 765 So.2d 829, 835 (Fla. 1st DCA 2000); see also Giovanelli v. Giovanelli, 654 So.2d 154, 155 (Fla. 4th DCA 1995)(on rehearing)(stating that the principle criterion for award of attorney's fees in marital cases is the relative financial resources of the parties).
We acknowledge that in some cases where there has been a substantial disparity in the income and earning capacity of the parties, and one spouse would have to invade modest capital assets or use investment income in order to pay attorney's fees, courts have held that it is an abuse of discretion not to require the spouse with the larger earning capacity to pay attorney's fees. See Margulies v. Margulies, 645 So.2d 54, 54 (Fla. 4th DCA 1994); see also Reich v. Reich, 652 So.2d 1200, 1203 (Fla. 4th DCA 1995); Thompson v. Thompson, 550 So.2d 1168 (Fla. 4th DCA 1989). Here, although the former wife may have been required to liquidate some of her assets, she could have easily paid reasonable attorney's fees without substantially depleting her overall equitable distribution. In the instant case, there is no disparity between the parties' post-dissolution assets as the parties have left the marriage with in excess of $2,000,000 each in assets. In addition, by the time of the final judgment, former wife was employed and there was evidence presented that she was capable of earning between $50,000 and $90,000 per year. Given the facts of this case, we cannot say that the trial court abused its discretion in denying the former wife's claim for additional attorney's fees.[1]
Accordingly, we affirm the appeal and the cross-appeal.
AFFIRMED.
STONE and WARNER, JJ., concur.
NOTES
[1] The former husband had been required to pay $52,000 in attorney's fees and accountant's fees during the proceedings.