872 So.2d 383 (2004)
Jack BLAINE, Appellant,
v.
Thais BLAINE, Appellee.
No. 4D03-254.
District Court of Appeal of Florida, Fourth District.
April 28, 2004.
Steven Cripps of Orsley & Cripps, P.A., West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellee.
*384 MAY, J.
The former husband appeals Qualified Domestic Relations Orders entered subsequent to the final judgment of dissolution. He argues that the QDROs are not in accord with the provisions of the final judgment.[1] We agree and reverse.
The trial court entered the QDROs to give effect to the equitable distribution scheme set out in the final judgment. The orders gave the former wife an interest in the former husband's Unisys Pension Plan and Unisys Corporation Supplemental Executive Retirement Income Plan, respectively. Upon reviewing the QDROs, the Unisys Plan Administrator discovered that the orders resulted in adverse tax consequences. The former wife's certified public accountant conferred with the plan administrator and revised orders were prepared.
The former husband still maintained the amended QDROs failed to conform to the dictates of the final judgment. The court conducted a hearing on the dispute, but then entered the proposed amended QDROs. It is from these amended QDROs that the former husband appeals.
The final judgment awarded the former wife one-half of the marital portion (35%) of the former husband's pension plan. The QDROs, however, provided:
C) ...
The benefits payable to the Alternate Payee [former wife] shall include future improvements, cost of living adjustments, or early retirement subsidies and must begin no later than the date the participant commences payment.
...
Once the Alternate Payee begins to receive benefits she will not be entitled to share in any Plan improvements or other benefits updates which are effective after the date payments begin, except for any cost of living adjustments....
Thus, the QDROs provided the former wife with more than her yearly percentage of the pension plan. They provided her with future improvements, cost of living adjustments, and early retirement subsidies. None of these were contained within the final judgment.
In Downey v. Downey, 843 So.2d 932 (Fla. 4th DCA 2003), this court reversed a QDRO that had awarded the former wife a portion of the former husband's pension plan earned prior to the marriage. This court recognized that a retirement pension must be viewed as a marital asset, but only the marital portion may be equitably distributed. See Bogard v. Bogard, 490 So.2d 43 (Fla.1986).
Similarly, the Fifth District reviewed an award of fifty percent of the former husband's pension to the former wife in Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). The court noted that if the husband continued to work for the same employer, the pension would increase allowing the wife to share in benefits accruing subsequent to the dissolution. The court found this to be "improper" and reversed the award. Id. at 615.
The QDROs in this case suffer from a similar defect. To the extent that they provide future enhancements in the pension fund that were not part of the marital portion, they conflict with the final judgment. The orders are reversed and the case remanded to the trial court for entry *385 of a QDRO in compliance with the final judgment of dissolution.
REVERSED AND REMANDED.
STEVENSON and SHAHOOD JJ., concur.
NOTES
[1] This court recently affirmed the final judgment of dissolution. Blaine v. Blaine, 869 So.2d 716 (Fla. 4th DCA 2004).