WARNER, J.
 

 The wife appeals a final judgment of dissolution of marriage in which the court awarded alimony to the husband, ordered the marital home to be sold once the youngest child reaches the age of majority and provided the wife with an option to buy out the husband’s interest in the marital home. We affirm the award of alimony as no abuse of discretion in the award has been shown. However, we reverse the court’s disposition of the marital home because the use of the date of filing as the valuation date constitutes an abuse of discretion in this case, and the provisions setting the value of the husband’s interest do not correctly reflect the intended equitable distribution, should the wife not exercise her option to buy out the husband’s interest.
 

 The wife and husband married in 1986 and have three children. The wife works as a paralegal for a law firm. The husband, who has little education, worked as a cook at the beginning of the marriage. Later, he and the wife opened a deli, which continues to be his main source of income. At the time of the dissolution, the wife earned approximately $2,000 more per month than the husband. The trial court carefully considered the factors for awarding alimony under section 61.08, Florida Statutes. Based upon the wife’s greater earnings and earning ability, as well as the husband’s limited education and prospects, the trial court awarded the husband permanent alimony of $500 per month.
 

 The wife claims that the trial court erred in awarding alimony because her expenses already exceed her income, even though she concedes the husband’s need for alimony. Alimony awards are reviewed using an abuse of discretion standard.
 
 Costa v. Costa,
 
 951 So.2d 924, 925 (Fla. 4th DCA 2007). “If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980). “In de
 
 *570
 
 termining whether to award permanent periodic alimony, the trial court must consider the needs of the spouse requesting the alimony and the ability of the other spouse to make alimony payments.”
 
 Se-gall v. Segall,
 
 708 So.2d 983, 987 (Fla. 4th DCA 1998). Furthermore, the trial court is required to consider the statutory factors set forth in section 61.08(2), Florida Statutes.
 
 Nichols v. Nichols,
 
 907 So.2d 620, 622 (Fla. 4th DCA 2005).
 

 The trial court rejected the wife’s contention that she had an inability to pay alimony, finding that some of her expenses were inflated and some could be eliminated. Indeed, the wife’s own testimony, in which she acknowledged a significant increase in her expenses since the filing of the divorce, supports the trial court’s findings. In addition, for other expenses related to child support, the trial court also noted that the wife would be receiving child support from the husband. Under the circumstances, we cannot say that the trial court abused its discretion. We affirm the award of alimony.
 

 With respect to the trial court’s valuation and disposition of the marital residence, the final judgment does not appear to effectuate what the trial court intended in its oral rulings. As written, the judgment must be reversed.
 

 The court valued the residence at $320,000 at the date of filing of the petition for dissolution, with equity of $48,000 after deduction of the outstanding mortgage balance of $272,000. The court required that the marital home be sold when the youngest child reaches eighteen years of age, but permitted the wife to buy out the husband’s $24,000 share of the equity within ninety days of October 31, 2007, the date of the final hearing.
 
 [1]
 
 The final judgment contained additional provisions, however, stating that the husband would receive his $24,000 interest in the house
 
 at the time of sale.
 
 In addition, if the wife did not exercise her 90-day buy-out option, she would receive credit at the time of sale for the husband’s share of mortgage payments, taxes, insurance, and extraordinary repair expenses.
 

 The wife argues that the court improperly valued the property as of the date of the filing of the petition for dissolution, because the property had declined in value substantially since the date of the filing of the petition. On this record, we are compelled to agree. Scant evidence was presented as to the value of the home. The wife testified that fifteen months prior to the final hearing, the house was appraised at $357,000. However, since that time, property values had decreased 20-30% in Palm Beach County. She also offered in evidence the property appraiser’s valuation of the home at $267,000 for the year 2007. In contrast, the husband testified that he believed that the property was worth more, because the parties had recently completed a pool addition and other improvements to the property which, despite any decline in property values, made it still worth at least $55,000 more than the wife’s valuation. In fact, no one requested the court to value the property as of the date of the filing of the petition, nor did the parties offer testimony as to the value of the property as of that date. However, the court’s valuation of the property as of the date of the filing of the petition at $320,000 approximates the husband’s valuation of the home as of the date of the final hearing.
 

 
 *571
 
 The standard of review for a trial court’s selection of a valuation date for a marital asset is abuse of discretion.
 
 See Byers v. Byers,
 
 910 So.2d 336, 344 (Fla. 4th DCA 2005). Section 61.075(6), Florida Statutes (2006), provides that the date of filing of the petition for dissolution is generally the latest date for identifying and classifying marital assets, but the court may value marital assets on a date that the court determines is just and equitable.
 
 Id.
 

 Here, the trial court may have misspoken when it rendered its oral ruling stating that it valued the property as of the date of filing. It may have meant to identify the residence as a marital asset as of the date of filing and give it the final hearing valuation to which the husband testified, believing that the amenities which the parties added increased the value of the property above that to which the wife testified. Given the widely acknowledged real estate downturn and the undisputed evidence of the general decline of property values in Palm Beach County during the pendency of these divorce proceedings, selecting the date of the filing of the petition as the valuation date for the property would have been an abuse of discretion. Moreover, the court did not select a value consistent with that date. We reverse for the trial court to reconsider the date of valuation, even though the court may come to the same conclusion about the property’s value.
 

 The court’s final judgment with respect to the home must be reversed in other respects. When the trial court made its oral ruling, it determined that the husband’s equity in the house amounted to $24,000, based upon its valuation of the home at $320,000, less the mortgage balance then outstanding in the amount of $272,000. It permitted the wife to buy out the husband’s equity within ninety days. If the wife did not elect to purchase the husband’s equity, then the wife would be entitled to credit for the husband’s share of mortgage payments, taxes, insurance, and other extraordinary repairs at the time of sale, which the court did not order until the youngest child reached the age of majority.
 

 When the written final judgment was rendered, however, it provided that the husband would be entitled to $24,000 upon sale, if the wife elected not to purchase his interest within the ninety days allowed in the final judgment. The trial court should not require the wife to pay the husband a sum certain for his equity in the marital home, irrespective of the amount of the eventual sale price of the home. In
 
 Schwartz v. Schwartz,
 
 720 So.2d 531, 533 (Fla. 3d DCA 1997), the Third District addressed this issue and explained:
 

 It is clear from the Final Judgment that the trial court determined that the wife should receive one-half the value of the marital home. We agree with the husband, however, that the language of the Final Judgment suggests otherwise. Accordingly, we reverse that portion of the Final Judgment that orders the husband to pay the wife the sum of $87,500.00.
 
 Upon remand, the Final Judgment will be corrected to indicate that the wife shall receive one-half of the proceeds of the sale of the house.
 

 (Emphasis added).
 
 Cf. Huttig v. Huttig,
 
 530 So.2d 1051, 1052 (Fla. 3d DCA 1988) (reversing order requiring husband to transfer interest in marital home to wife because, among other things, there was “no justification for freezing the husband’s interest in the property at a fixed amount and thereby denying him ... the right to participate in the future appreciation”).
 

 The plain language of the final judgment in this case has the clear effect of setting the husband’s interest at a sum certain,
 
 *572
 
 regardless of the ultimate sale price. Pursuant to the language of the final judgment as written, the former husband’s interest in the home is frozen at $24,000— regardless of any appreciation or depreciation of the value of the home before it is ultimately sold.
 
 [2]
 
 This could constitute a benefit or a detriment to the wife, depending upon the value of the home when sold. We hold that the court erred in fashioning the award in this manner in the final judgment.
 

 When the court reconsiders the final judgment, it can allow a time for the wife to purchase the husband’s interest at a sum certain. However, should the wife elect not to buy out the husband’s interest, then the wife should be allowed exclusive possession of the home until the youngest child attains his majority, consistent with the provisions in the final judgment. Should compelling financial circumstances require the house’s sale prior to the date of the last child’s majority,
 
 see, e.g., Tar-nawski v. Tarrumski,
 
 851 So.2d 239, 242 (Fla. 4th DCA 2003), the parties can either agree to a sale or the wife can petition the court to permit its sale or partition. Pursuant to the court’s rulings, the parties should equally divide the proceeds of any sale after the wife receives credit for the husband’s share of any mortgage, taxes, insurance, and necessary repairs she has paid. This, we believe, accomplishes what the court orally ruled.
 

 Based upon the foregoing we affirm the final judgment, except as to the valuation and disposition of the marital home. We reverse for the court to reconsider these issues and revise its final judgment in accordance with this opinion.
 

 LEVINE, J., and McCANN, JAMES W., Associate Judge, concur.
 

 [1]
 

 . Despite this specific date in the final judgment, the court did not make its oral rulings until December 2007 and did not reduce them to a signed final judgment until April 2008. We assume that the trial court intended to allow the wife 90 days from the date of the final judgment to purchase the husband's interest. However, the final judgment also contains no mechanism for the actual purchase of the husband's interest.
 

 [2]
 

 . The former husband's brief suggests his interpretation of the final judgment is that he receives $24,000 in equity, plus one-half of the proceeds of sale less credits due the former wife. However, this is simply incorrect. The plain language of the judgment sets forth
 
 no
 
 provision for the husband to receive
 
 any
 
 proceeds other than the $24,000 in equity. In fact, he will undoubtedly receive less, because the wife is also given credit for making his share of the mortgage, tax, and insurance payments.