TAYLOR, J.
The husband, Max Morenberg, appeals the trial court’s amended final judgment of dissolution of marriage. He raises several issues on appeal, but we reverse only as to that portion of the amended final judgment which requires the husband to share with the wife royalties he earns post-dissolution from the fourth edition of his book, Doing Grammar.
On August 20, 2008, Laura Morenberg filed for divorce after nearly forty-six years of marriage to Max Morenberg. Intending for each party to receive one-half of the parties’ combined incomes, the trial court ordered the parties to equally divide all of the husband’s royalties from two books he wrote while working as an English professor.[1] On appeal, the husband contends that the trial court abused its discretion by including in the equitable distribution plan his future book royalties, which he testified he earned after the wife filed her petition for dissolution of marriage. He argues that because he began working on the fourth edition of one of his books after his wife filed the petition for dissolution, she is not entitled to income from his post-dissolution labor.
The wife filed for divorce on August 20, 2008. The husband testified that he began working on the fourth edition of Doing Grammar sometime around December 2008 or January 2009 — a few months after his wife filed for divorce and about six months prior to the start of the trial. Ac *1201 cording to the husband, he finished the fourth edition of Doing Grammar on June 23, 2009 — one day before the trial. The wife, however, argues that there is no evidence of any post-dissolution labor concerning any of the husband’s books; rather, all of the husband’s labor occurred prior to trial and the final judgment of dissolution.
“A former spouse is not entitled to receive benefits that accrue after the dissolution of the parties’ marriage.” Rivero v. Rivero, 963 So.2d 934, 937 (Fla. 3d DCA 2007). Section 61.075, Florida Statutes (2008), provides that in a proceeding for dissolution of marriage, the court shall equally distribute the marital assets and liabilities between the parties. The statute defines “marital assets” as “assets acquired ... during the marriage, individually by either spouse or jointly by them.” This encompasses assets that have been enhanced or appreciated in value “resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both.” § 61.075(6)(a)1.a.—b., Fla. Stat. (2008). See also Boyett v. Boyett, 683 So.2d 1140, 1141 (Fla. 5th DCA 1996) (holding that it is not permissible for the former wife to benefit from the former husband’s labor after the divorce); Brown v. Minning, 757 So.2d 628, 630 (Fla. 5th DCA 2000) (holding that “current law provides that a spouse should not receive benefits accrued after dissolution of the parties’ marriage”).
Section 61.075(7), Florida Statutes (2008), “provides that the date of filing of the petition for dissolution is generally the latest date for identifying and classifying marital assets, but the court may value marital assets on a date that the court determines is just and equitable.” Leonardis v. Leonardis, 30 So.3d 568, 571 (Fla. 4th DCA 2010) (citing § 61.075(6), Fla. Stat. (2006); Byers v. Byers, 910 So.2d 336, 344 (Fla. 4th DCA 2005)). Here, the wife’s petition for dissolution of marriage, filed on August 20, 2008, was the “cut-off date” for determining the marital assets between the parties. Moreover, pursuant to the statute, royalties on new book editions written during the marriage would be considered a marital asset and thus divided equally, but newer editions of books written post-dissolution would not be considered a marital asset.
Here, the Amended Final Judgment for Dissolution ordered that the “Husband be required to provide documentation of all royalty payments he receives within (15) days of receipt and to provide a check to Wife for one-half of the royalties received with that documentation.” Based on the wording of the court order, the husband is required to equally share not only the royalties received from the two books he wrote and revised during the marriage, but also the royalties received on the fourth edition of Doing Grammar, which he revised after the petition for dissolution. Because the record reflects that the fourth edition of Doing Grammar was started, completed, and submitted after the petition for dissolution, any future royalties from such work should be considered income from post-dissolution labor and excluded from the income to be split with the wife. Accordingly, we reverse this portion of the amended final judgment and remand to the trial court to exclude future royalties from the fourth edition of Doing Grammar from the income to be shared with the wife.

Affirmed in part; Reversed in part and Remanded.

WARNER and CIKLIN, JJ., concur.

. These royalties are paid twice a year and the sum royalties consist of fifteen percent of what each publisher charges the book stores. In other words, for every new edition that the husband releases, the husband receives fifteen percent of the money paid to the publisher for each new edition of the book.