373 So.2d 441 (1979)
LANAI DEVELOPMENT CORPORATION, a Florida Corporation, d/b/a New Land Gardens Condominiums, Petitioner,
v.
Maddie BERRY, Respondent.
No. 79-857.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Storace, Hall & Hauser and Richard F. O'Brien, III, Miami, for petitioner.
No appearance for respondent.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
*442 PER CURIAM.
This is a petition for a writ of certiorari seeking review of an order of affirmance entered by the Circuit Court of the Eleventh Judicial Circuit of Florida sitting in its appellate capacity in review of a final judgment entered in a Dade County Court action. The thrust of the petition herein is that the circuit court departed from essential requirements of law in affirming the county court judgment in that the county court committed reversible error in excluding a critical witness offered at trial by the petitioner. We agree and quash the order under review.
At the trial of this cause, the county court judge excluded a certain witness [a records custodian of a bank] called by the petitioner because the petitioner had not furnished the witness' name on a pre-trial catalog. Our review of the record, however, reveals that no order was ever entered by the county court requiring such a pre-trial catalog. In the absence of such an order, the law is clear that neither party is required to file a pre-trial catalog containing a witness list, that it is error for the trial court to exclude a witness for failure of the party calling him to file such a pre-trial catalog, and that such error is reversible where the excluded witness is critical to the case of the party calling him. Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978). As the witness in the instant case was critical to the petitioner's defense of this action, it is clear that the circuit court departed from the essential requirements of law in affirming the county court judgment below. A reversal was clearly mandated under applicable Florida law.
The petition for writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the circuit court with directions to reverse the county court judgment herein and remand the cause for a new trial.