633 So.2d 1162 (1994)
Miles LIVINGSTON, Appellant,
v.
Joan LIVINGSTON, Appellee.
No. 93-625.
District Court of Appeal of Florida, First District.
March 21, 1994.
*1163 Michael W. Jones, P.A., Gainesville, for appellant.
John W. Roscow, III, Scruggs & Carmichael, Gainesville, for appellee.
PER CURIAM.
Appellant Miles Livingston, the former husband, seeks review of a final judgment of dissolution of marriage. He raises eight issues on appeal, only two of which have merit. He claims: (1) the trial court abused its discretion in its valuation and distribution of his retirement benefits; and (2) the trial court erred in assessing a surcharge of $23,121 for the income taxes the marital estate paid on behalf of his separate investment assets. We reverse and remand as to these two issues and affirm as to all remaining issues.
Miles Livingston (husband) was teaching at the University of Wisconsin, when he and Joan Livingston (wife) married in July 1975. Immediately following the marriage, the couple moved to Gainesville, Florida, where the husband held a one-year teaching appointment as a visiting professor. The couple subsequently returned to Wisconsin where the husband obtained a tenured teaching position at the University of Wisconsin. In 1982, the couple moved back to Gainesville, Florida, where he began teaching at the University of Florida and she raised their three children. On October 1, 1991, the husband petitioned for dissolution.
The final judgment of dissolution was entered in December 1992. In it, the trial court effected an equitable distribution of the marital assets. The husband received marital and nonmarital assets of approximately $265,400, while the wife received marital assets of approximately $168,590.[1] Having taught at both the University of Wisconsin and the University of Florida, the husband acquired two retirement plans from each university: a state retirement system plan and a 403(b) supplemental retirement benefit. The trial court found the husband had no special equity interest in either the Florida or the Wisconsin retirement plan, and retained jurisdiction to award a percentage of interest in both plans to the wife upon the husband's *1164 retirement. The court also ordered the husband to pay a surcharge of $23,121 for income taxes the marital estate paid on behalf of the husband's separate investment funds during 1986-1991.
We turn now to the first issue on appeal, the distribution of the husband's retirement benefits. With respect to the Wisconsin state retirement plan, the husband contends he is entitled to some special equity. We agree. Premarital contributions to retirement pensions should be excluded when distributing marital assets. Bain v. Bain, 553 So.2d 1389, 1391 (Fla. 5th DCA 1990). Section 61.075(5)(a)4, Florida Statutes (1991), classifies "all vested and nonvested benefits, rights, and funds accrued during the marriage in retirement plans" as a "marital asset." (Emphasis added). During opening argument below, counsel for both parties admitted that the Wisconsin plan had a premarital component to it. Moreover, the record reflects the husband was teaching at the University of Wisconsin at the time the couple married in 1975. We find the trial court erred in summarily classifying this plan as a marital asset, and reverse. On remand, we direct the trial court to credit the husband with his appropriate premarital share of this retirement asset, but note the trial court may continue reserving jurisdiction to defer division of the benefits pursuant to DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991).
The husband also challenges the trial court's distribution of his University of Florida retirement plan. The DeLoach formula for deferring distribution of pension rights upon an employee spouse's actual retirement consists of a fraction, with the numerator representing the length of time that pension benefits are accumulated during the marriage and the denominator representing the total length of time during which such benefits are accumulated. The court below found the husband had worked eleven and a half years at the University of Florida while married (one year for 1975-1976 and ten and a half years for August 1982-December 1992). The husband contends the trial court erred in including his 1975-1976 visiting professorship at the University of Florida in calculating the numerator because he did not earn any retirement benefits when he was a visiting professor. The parties have the burden of providing sufficient information to the trial court to support a distinction between marital and nonmarital assets and their proper valuation. Glover v. Glover, 601 So.2d 231, 232 (Fla. 1st DCA 1992) (citing Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992)). At oral argument, the wife conceded there was insufficient evidence in the record to determine whether the husband did in fact receive retirement benefits during his visiting professorship. We reverse and remand for additional evidence and findings of fact on this issue.
The wife properly concedes error in the trial court's award of 100% of any Florida state retirement benefits remaining upon the husband's death. A former spouse is not entitled to pension benefits acquired after the dissolution of marriage. Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986) (emphasis added). Thus, we vacate this award.
A final point regarding the trial court's distribution of the husband's retirement benefits concerns the distribution of the 403(b) supplemental retirement plans for both universities. In the factual findings portion of the final judgment and in an attached exhibit, the trial court classified both 403(b) plans as marital assets, distributing them with the other retirement plans on an equitable basis. The wife properly concedes, however, that the disposition portion of the order does not specifically refer to their distribution. Accordingly, the final judgment should be amended to comport with the findings and the exhibit attached to the judgment.
Turning to the second issue on appeal, we find the trial court erred in its calculation of the tax surcharge. The trial court ordered the husband to reimburse the marital estate $23,121, which is half of the sum the court calculated was owing to the marital estate for federal income taxes it paid on the husband's separate investment income from 1986 to 1991, compounded by 12% statutory interest. As an initial matter, we note the wife concedes error in the trial court's *1165 inclusion of tax and interest on certain assets the court ultimately determined were marital. As the record is unclear as to which marital items were incorrectly included, we reverse and remand with directions that the trial court recalculate the surcharge to include only those taxes the estate paid on nonmarital assets during 1986-1991.
Additionally, the way in which the court appears to have used the couple's marginal tax rate to arrive at the reimbursement amount is incorrect. Review of the record reveals the trial court applied the highest marginal tax rate to the husband's "separate" income, while taxing his employment income at the lower rate. The more appropriate and equitable way to apportion the amount of taxes for which the husband must reimburse the marital estate is indicated by the testimony of the husband's accountant. He testified he calculated the tax liability for each year by determining the total annual income for that year, and then determining what proportion of that income was from separate property. "If [it] was determined in one year to be ten percent, [he] would then take that ten percent and multiply it times the total income tax bill for the year." This method appears to be the more accurate method of determining the amount of taxes his "separate" investments cost the marital estate. Accordingly, we remand for recalculation of the surcharge consistent with this opinion.
The wife has moved for appellate attorney's fees. We provisionally grant her motion and remand the question of both the amount of a reasonable fee and what part of that amount, if any, should be paid by the husband because of any present disparity in the ability to pay. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
REVERSED and REMANDED.
BOOTH, MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] The wife received $14,000 in realty and tangible personal property, $73,881 in taxable retirement accounts, $37,518 in mutual funds and $43,192 in cash equivalents (i.e., including the tax surcharge).

The husband received $11,000 in tangible personal property, $73,881 in taxable retirement accounts, $186,568 in mutual funds and $17,071 in cash equivalents. The tax surcharge reduced his assets by some $23,121.