843 So.2d 932 (2003)
Robert DOWNEY, Appellant,
v.
Margherita DOWNEY, Appellee.
No. 4D01-4565.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Rehearing Denied May 19, 2003.
Ronald K. Lantz, West Palm Beach, for appellant.
Margherita Downey, Boynton Beach, pro se.
POLEN, C.J.
This appeal arises from the post final judgment entry of a Qualified Domestic Relations Order. We now reverse that *933 order and remand for proceedings consistent with this opinion.
A final judgment of dissolution was entered between the parties on December 11, 2000. That final judgment was appealed by the wife and affirmed by this court on August 29, 2001. Downey v. Downey, 793 So.2d 961 (Fla. 4th DCA 2001).
The subject of this appeal is the Qualified Domestic Relations order ("QDRO") that was entered subsequent to the original appeal. The QDRO divided the husband's pension fifty-fifty as a marital asset. We conclude that this was an error, and reverse the entry of that order.
The parties were married for approximately sixteen years. The husband had earned a pension reflecting over 39 years of service. On or about October 24, 2001, the lower court entered a QDRO awarding the wife 50% of the husband's total pension. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the Florida Supreme Court held that "in order to properly review orders of the trial judge, appellate courts must recognize the distinction between an incorrect application of an existing rule of law and an abuse of discretion. Where a trial judge fails to apply the correct legal rule, as when he refuses to terminate periodic alimony upon remarriage of the receiving spouse, the action is erroneous as a matter of law." In the case at bar the trial court failed to apply the correct legal rule, that is, the proper division of a pension a part of which is non-marital, and the result is erroneous as a matter of law.
The Florida Supreme Court has specifically held that "a retirement pension must be viewed as a marital asset in order to achieve an equitable distribution of property." Bogard v. Bogard, 490 So.2d 43 (Fla.1986). However, only the marital portion of the pension may be equitably distributed. Blythe v. Blythe, 592 So.2d 353 (Fla. 4th DCA 1992)("It was error for the court not to have allocated to the husband that portion of the pension fund that accrued to him before the couple's marriage") (citing Gerbas v. Gerbas, 564 So.2d 648 (Fla. 4th DCA 1990)); Blase v. Blase, 704 So.2d 741 (Fla. 4th DCA 1998) (holding that husband was entitled to his premarital share of his 401k plan.).
We find unpersuasive the wife's argument that the husband should be precluded from raising this argument as it is inconsistent with arguments raised in earlier proceedings in front of this court. Although the husband has previously supported the court's distribution of property, the QDRO was not entered until after the previous appeals were decided. Thus, the earliest time the husband could have noticed the inequitable distribution of his pension and challenged the QDRO was after the QDRO was entered, which is what took place. As a result, we now hold that the trial court erred as a matter of law in awarding to the wife any portion of the husband's pension earned prior to the marriage.
GUNTHER and HAZOURI, JJ., concur.