PER CURIAM.
Appellant, Frederick M. Scott, the husband, appeals the trial court’s Order on Wife’s Motion for Contempt and argues that the court erred in awarding appellee, Sandra P. Scott, the wife, retirement benefits from the military portion of his civil service retirement benefits. The husband also argues that the trial court erred in awarding the wife attorney’s fees without making the requisite findings. We agree with both arguments and, therefore, reverse and remand for further proceedings.
According to the Consent Final Judgment of Dissolution of Marriage, the wife was to receive half of the present value of the marital portion of the husband’s civil service retirement pension. The husband, likewise, was entitled to half of the present value of the wife’s retirement fund. The husband was also required to pay the wife alimony until she began receiving her portion of his retirement benefits. Paragraph twenty-four of the final judgment addressed “Ownership of Intangible Accounts,” and stated: “Except as otherwise provided herein, each party shall retain as his or her sole property all checking, savings, credit union, investment, and other intangible accounts in his or her name.” Listed among the husband’s assets on his financial affidavit was an account in the amount of $7,500, described as a “military payback.” This account was in the husband’s name only and was not specifically mentioned anywhere in the judgment of dissolution. Following the dissolution, and prior to the commencement of the instant action, the husband used the $7,500, and an additional amount of over $2,500 to have his military service added to his civil service retirement benefits.
A year and a half later, the wife filed a Motion for Contempt, alleging that the husband had ceased paying her alimony although she had yet to begin receiving her portion of his retirement benefits. Following a hearing on the motion, the trial court entered an order in favor of the wife, ordering the husband to pay the wife one-half of his civil service retirement benefits, which now included benefits from the husband’s premarital military service. The trial court found that the parties had used marital funds to acquire the right to include the husband’s premarital military service time towards his civil service retirement benefits. The order retroactively enforced the wife’s entitlement to retirement benefits to the time when the husband first stopped paying alimony. The trial court also granted the wife $400 in attorney’s fees, without making any factual findings on that point. This appeal followed.
An asset is marital if it is “acquired during the marriage, created or *83 produced by the work efforts, services, or earnings of one or both spouses.” Witowski v. Witowski, 758 So.2d 1181, 1185 (Fla. 2d DCA 2000) (citation omitted). If the value of a premarital asset is not enhanced by marital labor or funds, then the asset is not a marital asset subject to equitable distribution. Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992). Conversely, premarital property is subject to equitable distribution to the extent its value has been enhanced by marital labor or funds. Cole v. Roberts, 661 So.2d 370, 371 (Fla. 4th DCA 1995).
Premarital contributions to retirement pensions are not to be included in the distribution of marital assets. Livingston v. Livingston, 633 So.2d 1162, 1164 (Fla. 1st DCA 1994). In distributing the value of a retirement pension fund upon dissolution of marriage, the party not in ownership of the fund is entitled to an equitable distribution of that portion attributable to the marital contributions. Witowski, 758 So.2d at 1186 (citing. § 61.075, Fla. Stat.); Downey v. Downey, 843 So.2d 932, 933 (Fla. 4th DCA 2003) (“[0]nly the marital portion of the pension may be equitably distributed.”) (citations omitted). The party owning the pension is entitled to the premarital value of the fund, along with its subsequent passive appreciation, not attributable to the marriage. Id.; Adkins v. Adkins, 650 So.2d 61, 68 (Fla. 3d DCA 1994) (citing § 61.075(5)(a)(2), Fla. Stat. (1991)). In determining spousal rights to retirement benefits, the trial court may not include any contributions to the retirement account “made after the original judgment of dissolution.” Boyett v. Boyett, 703 So.2d 451, 452 (Fla.1997). “Valuation of retirement benefits is fact-intensive and varies depending upon the plan, and the trial judge must determine the equitable valuation with the limitation being the valuation is not to include post-marriage contributions.” Id. at 453. (emphasis added).
In the instant case, the parties both acknowledge that the husband’s time of military service and the accompanying retirement benefit were his premarital assets, as the case law clearly establishes. See, e.g., Witowski, 758 So.2d at 1185-86; Livingston, 633 So.2d at 1164; Moon, 594 So.2d at 822. However, the wife argues that this asset became a marital asset upon its commingling with the $7,500 the parties had set aside during their marriage, apparently with the intention of using it to add the husband’s military time to his civil service retirement. In response, the husband argues that this asset is not subject to equitable distribution because, while marital funds may have been set aside with the intention of adding the husband’s premarital retirement asset, the military time, to the civil service retirement, the funds were not applied to the husband’s retirement account during the marriage. We agree with the husband. Because no commingling of these marital and premarital assets ever actually occurred, the wife cannot now benefit from the husband’s increased retirement benefits. See Boyett, 703 So.2d at 452-53; cf. Livingston, 633 So.2d at 1164; compare Adkins, 650 So.2d at 66 (holding that by depositing funds earned during the marriage into an account containing nonmarital funds, the assets were commingled and became marital assets) (citations omitted); Cole, 661 So.2d at 371. Thus, the $7,500 account, which was held in the husband’s name only and was not listed as a retirement asset in the final judgment, became the husband’s separate property pursuant to paragraph twenty-four of the final judgment. As such, this account was not subject to any subsequent redistribution by the trial court. See Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994) (“Generally speaking, in the absence of a specific res *84 ervation of jurisdiction to make a later adjudication of property rights, a lower court does not have jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution.”) (citing Harman v. Harman, 523 So.2d 187, 188 (Fla. 2d DCA 1988)); see also Thruston v. Conley, 693 So.2d 1070, 1070 (Fla. 4th DCA 1997) (holding that the trial court erred in purporting to “enforce” the final judgment of dissolution by “re-shuffling” property rights and modifying the previously adjudicated property distribution scheme) (citations omitted). The fact that the husband then used this money to increase the value of his civil service retirement benefits does not entitle the wife to any portion of the increased value of his civil service retirement, as she was only entitled to an equitable distribution of the marital portion of the husband’s retirement benefits. See Boyett, 703 So.2d at 452-53; Downey, 843 So.2d at 943. Therefore, the trial court’s finding that the wife was entitled to an equal portion of the premarital military time, which had been added towards the husband’s civil service retirement after the dissolution of the marriage, was in error.
The husband next challenges the trial court’s award of $400 in attorney’s fees to the wife, an award made without hearing evidence or making findings regarding the parties’ respective incomes, need, or ability to pay. Section 61.16(1), Florida Statutes (2000), states that the trial court may, “after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter.... ” Because the trial court received no testimony regarding the parties’ incomes and made no factual findings regarding the financial needs and abilities of the parties, the trial court’s grant of attorney’s fees to the wife is reversed and remanded for findings on the issue of the wife’s need and the husband’s ability to pay. See § 61.16(1), Fla. Stat.; see also Worthington v. Harty, 677 So.2d 1371, 1372 (Fla. 4th DCA 1996) (deeming section 61.16(1) applicable to a former wife’s motion for attorney’s fees in a civil contempt proceeding instituted upon the former husband’s failure to comply with a court order, and holding that need and ability to pay must be considered by the trial court before ordering payment of attorney’s fees in contempt proceedings incident to enforcing orders relating to support).
Accordingly, we reverse the portion of the trial court’s order finding that the wife was entitled to retirement benefits from the military portion of the husband’s civil service retirement benefits and remand for further proceedings consistent with this opinion. We also reverse the award of attorney’s fees to the wife, although upon remand, such award may still be appropriate upon consideration of the parties’ respective financial status and need.
REVERSED and REMANDED.
DAVIS, LEWIS and POLSTON, JJ., Concur.