PER CURIAM.
Appellant, the Former Husband, seeks review of a Final Judgment of Dissolution of Marriage and challenges the award of permanent periodic alimony to Appellee, the Former Wife, as well as the distribution of his military retirement benefits. We agree with the Former Husband that the trial court erred in distributing the Former Husband’s military retirement benefits and also in calculating the income and expenses of each party. Accordingly, we reverse both the distribution of the retirement benefits and the alimony award and remand for reconsideration.
The parties were married in Virginia in 1995 while the Former Husband was serving in the Navy. Three years after the marriage, the Former Husband retired from the Navy, and the parties later moved to Florida. In January 2009, the Former Husband filed a petition for dissolution of the parties’ marriage. The Former Wife filed an answer and counter- *400 petition, and, after a trial, the trial court issued a final order dissolving the marriage. In the final order of dissolution, the trial court awarded the Former Wife one-half of the Former Husband’s military retirement benefits and $700 monthly in permanent periodic alimony. The court also ordered the Former Husband to pay the mortgage on the marital residence where the parties would both reside until the home sold.
The court found that the Former Wife presented competent substantial evidence of her need for alimony and that the Former Husband had the ability to pay some “but not much because of the difficult economic circumstances of the economy and his independent contractor’s type of work in the slow construction industry.” The court also found that the Former Husband’s retirement was accrued during the marriage and is 100% marital. In evaluating the Former Husband’s income and the Former Wife’s need for alimony, the court noted that the Former Wife was entitled to “about $634.00” of the Former Husband’s military benefits, which is approximately half of the amount the Former Husband testified to receiving monthly in benefits. Additionally, the court found:
As an equitable distribution of marital assets, the Wife shall be entitled to fifty percent (50%) of the present value (without consideration of a penalty for early retirement) of the marital portion of the Husband’s Navy Retirement. See Boyett v. Boyett, 703 So.2d 451 (Fla.1997). The parties were married on March 16, 1995. Subject to Boyett, the Plan Administrator’s approved Qualified Domestic Relations Order shall be used.
With regard to the retirement benefits, the Former Husband argues that the trial court erred in finding that his entire military retirement is a marital asset and awarding 50% of the benefit to the Former Wife because a portion of the benefits accrued before the parties’ marriage. We agree with the Former Husband’s contention that the award was improper.
Section 61.076(1), Florida Statutes, states, “[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution.” An asset is marital if it is “acquired during the marriage, created or produced by the work efforts, services, or earnings of one or both spouses.” Witowski v. Witowski, 758 So.2d 1181, 1185 (Fla. 2d DCA 2000) (citation omitted).
“Premarital contributions to retirement pensions should be excluded when distributing marital assets.” Livingston v. Livingston, 633 So.2d 1162, 1164 (Fla. 1st DCA 1994). In distributing the value of a retirement pension fund upon dissolution of marriage, the party not in ownership of the fund is entitled to an equitable distribution of that portion attributable to the marital contributions. Witowski, 758 So.2d at 1186 (citing § 61.075, Fla. Stat.); Downey v. Downey, 843 So.2d 932, 933 (Fla. 4th DCA 2003) (“[Ojnly the marital portion of the pension may be equitably distributed.”) (citations omitted).
The final order is internally inconsistent with respect to the Former Husband’s retirement benefits. The court acknowledged the date of the parties’ marriage and referenced Boyett, in which the Florida Supreme Court determined that contributions to the former husband’s retirement plan made after dissolution of the Boyett’s marriage should be excluded from the value of the former wife’s interest in the plan. However, as evidenced by the trial court’s factual findings, the court *401 clearly contemplated that the Former Wife would receive half of the total value of the Former Husband’s retirement benefits. While the portion of the Former Husband’s retirement that was accrued during the marriage is a marital asset subject to equitable distribution, the portion of the Former Husband’s retirement accrued before the parties’ marriage should have been allocated to the Former Husband as a non-marital asset. Downey, 843 So.2d at 932 (citing Blythe v. Blythe, 592 So.2d 353 (Fla. 4th DCA 1992)). Therefore, the trial court erred in awarding the Former Wife half of the Former Husband’s total retirement benefits.
Regarding the alimony award, the trial court erred in considering the mortgage payment on the marital home as part of the Former Wife’s expenses in the alimony determination because the parties were sharing the marital home until it could be sold and the Former Husband was ordered to make the mortgage payments. Thus, the court’s calculation as to the Former Wife’s expenses in the alimony determination was artificially inflated. This error was not harmless because the $1,200 mortgage payment listed as an expense on the Former Wife’s second amended financial affidavit made up a significant portion of the approximately $3,200 deficit shown on the affidavit. This deficit served as part of the trial court’s basis for finding the Former Wife in need of alimony as well as the court’s determination as to the amount of the award. In light of this error in determining the Former Wife’s expenses and the award of half of the Former Husband’s monthly retirement payment, we reverse the alimony award and remand for reconsideration based on the factors found in section 61.08(2), Florida Statutes.
Finally, when laying out the facts of the case in the final order, the trial court stated that the parties’ marriage was long-term. We agree with the Former Husband that this was error because the parties were married 14 years, putting the marriage into the “gray area” where no presumption for or against alimony should be applied. Biskie v. Biskie, 37 So.3d 970, 972 (Fla. 1st DCA 2010) (stating that a 15 year marriage falls into the “gray” area with no presumption for or against alimony); Zeigler v. Zeigler, 635 So.2d 50, 54 (Fla. 1st DCA 1994) (stating that 13.5 year marriage falls into “gray area,” with presumption neither for nor against permanent alimony); see also § 61.08(4), Fla. Stat. (stating that marriages between 7 and 17 years are moderate in length). However, this error is harmless because the final order does not indicate that the trial court applied the presumption in favor of alimony based on the determination that the marriage was long-term.
For the aforementioned reasons, we reverse the final order dissolving the parties’ marriage and remand for proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
DAVIS, LEWIS, and WETHERELL, JJ., concur.