ALTENBERND, Judge.
Jeffrey Ingram, the Former Husband, filed a supplemental petition in his dissolution proceeding from Shelly Ingram, the Former Wife. The circuit court dismissed his petition for lack of jurisdiction, reasoning that it could not modify an award of equitable distribution that had been determined in a 1993 final judgment. Although the trial court is probably correct about its limited power to alter such an old award of equitable distribution, we conclude that the petition is not actually making such a request. We reverse and remand for further proceedings.
This couple obtained a divorce in July 1993. Our record contains no documentation from that period except for the final judgment. The judgment reflects that the couple had been married for eleven years and that the Former Husband was in the active military during the marriage. His dates of military service are not established in our record.
The parties entered into a marital settlement agreement that was incorporated into the final judgment. In part, that agreement provides:
The parties agree that [the Former Wife] is entitled to one-half of [the Former Husband’s] military pension which has accrued to date. Which results in her being entitled to 27.5 percent of the disposable retired pay [the Former Husband] will receive upon his retirement a[sic] the end of twenty years service. And by and through this agreement [the Former Husband] assigns and relinquishes to [the Former Wife] that 27.5 percent of the disposable retired pay. Her portion of the pension is to be paid to her upon his retirement according to the Uniformed Services Former Spouses’ Protection Act. Should [the Former Husband] retire or resign before completing twenty years in military service, then the Court will have juridiction [sic] to re-determine [the Former Wife’s] interest in his pension.
The final judgment, in addition to adopting the marital settlement agreement, finds:
The parties were married for eleven years, during which time [the Former Husband] was in active military service. [The Former Wife] is entitled, under the laws of the State of Florida, to 27.5 percent of [the Former Husband’s] disposable retired pay upon his retirement from military service.
This finding results in an adjudication that states:
*1207 [The Former Wife] is hereby awarded 27.5 percent of [the Former Husband’s] disposable retired pay upon his retirement from military service. The court retains jurisdiction to reconsider the percentage of retired pay should [the Former Husband] retire before completing twenty years of military service.
Extrapolating from these statements, it appears that the Former Husband had been in the military for approximately eleven years. To give the Former Wife one-half of the pension “accrued to date,” it was necessary to give her 27.5 percent of his anticipated pension after twenty years.[1] The court retained jurisdiction because, if the Former Husband retired before twenty years, the percentage would need to be increased in order for the Former Wife to receive the correct percentage of the pension accrued during the marriage.
But the Former Husband stayed in the military for thirty years. The Former Wife demanded 27.5 percent of his thirty-year pension. The Former Husband filed his supplemental petition seeking to establish that the Former Wife was entitled only to the 27.5 percent of the amount of the pension available after twenty years of service.
The Former Wife moved to dismiss the supplemental petition, characterizing the petition as a motion filed pursuant to Florida Rule of Civil Procedure 1.540(b). See also Fla. Fam. L. R. P. 12.540. Initially, the Former Wife did not prevail on this motion and the matter was referred to a magistrate. The magistrate ruled in favor of the Former Husband. However, when the matter ultimately was reviewed by the circuit court, it concluded that it had no jurisdiction to award the requested relief. The court determined that the final judgment could not be modified since the Former Husband’s petition failed to adhere to the filing deadlines under rules 1.540 and 12.540.
We conclude that the Former Wife mis-characterized the supplemental petition. The Former Husband was not actually trying to change the final judgment; he was trying to enforce its terms as he understood them. In 1993, the circuit court had the power to equitably distribute the marital assets, which included “[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, [and] pension ... plans.” See § 61.075(5)(a)(4), Fla. Stat. (1993) (emphasis added); see also Boyett v. Boyett, 703 So.2d 451, 452 (Fla.1997) (holding that post-dissolution contributions to a retirement plan are not considered marital assets that accrue during the marriage); Brathwaite v. Brathwaite, 58 So.3d 398, 400-01 (Fla. 1st DCA 2011) (holding that pre-marriage contributions to a retirement plan are not considered marital assets acquired during the marriage). Because the pension was a military pension, special information needed to be included in the judgment. See § 61.076, Fla. Stat (1993). Pursuant to section 61.076(2)(c), the amount of the pension to be distributed to the Former Wife could be expressed “in dollars” or “as a percentage of the disposable retired or retainer pay.” If a percentage was used, it was intended to distribute the benefits “accrued during the marriage.” § 61.076(1).
The final judgment used the 27.5 percent calculation as a method to give the Former Wife 50 percent of the amount accrued during the marriage. The amount of the pension that accrued after the mar *1208 riage affected this percentage calculation, but the court was not and, at least in the absence of some special agreement between the parties, could not distribute pension benefits that accrued after the dissolution of the marriage. The finding in the judgment and the adjudication must be read in conjunction with the marital settlement agreement. The marital settlement agreement, as previously quoted, was in full accord with Florida law when it determined the Former Wife’s entitlement to a percentage of the Former Husband’s pension.
Because the Former Husband served for more than twenty years, the pension he has earned is larger than a twenty-year pension. However, from the face of this record, the wife’s entitlement in the final judgment is based on the amount of a twenty-year pension.
We reverse, holding only that the circuit court had the jurisdiction to consider the supplemental petition. The circuit court is not authorized to increase or decrease the amount of equitable distribution, but it is entitled to determine and clarify the dollar amount of the pension that was described by percentage in the final judgment. Because the record does not contain evidence or findings of fact, our description does not create any findings that are binding on the court on remand and it is free to conduct further evidentiary proceedings as needed to clarify the judgment.
Reversed and remanded.
CASANUEVA and CRENSHAW, JJ., Concur.

. The Former Wife was entitled to one half of the Former Husband’s military pension that accrued during the 11-year marriage. The 11-year portion of a 20-year pension is 55 percent of the total pension. One half of 55 percent is 27.5 percent.