EDWARDS, J.
Frederick C. Neiditch (“Former Husband”) appeals the final judgment of dissolution of marriage from Eileen M. Neiditch (“Former Wife”). Former Husband raises multiple issues on appeal. We affirm the majority of the trial court’s rulings; however, we reverse as to several accounting or mathematical, errors.
On October 8, 2013, Former Wife filed her petition for dissolution of marriage and other relief. Former Husband subse *375 quently filed his answer and counter-petition for dissolution. Former Wife and Former Husband were married for thirty two years and have two adult children. During their marriage, Former Wife and Former Husband both worked at the Federal Reserve Bank of Chicago.
While working for Federal * Reserve Bank, both Former Wife and Former Husband saved for retirement through the use of Thrift Savings Plans (“TSP”). At the time Former Wife retired, the balance of her TSP account was approximately $800,000. At the time she filed the petition for dissolution of marriage, the balance in the account was approximately $84,281. The balance of Former Husband’s TSP account was $58,939 at the time the petition was filed. In November 2011 and again in March 2013, .Former Wife borrowed $25,000, for a total of $50,000, from her TSP account. It was stipulated at trial that the loans were used to pay off marital debt. Each loan’s $452 monthly payment was paid only by. Former Wife, with the payments essentially going back into her TSP...The balance in Former Wife’s TSP account increased to $96,674.84 at the time of the trial.
The trial was held on September 14, 2014. The trial court announced that it would use the date of the petition as the date for determining, classifying, and valuing assets. The final judgment included the equitable distribution of the parties’ assets and liabilities. Neither party was awarded alimony. -

Wife’s TSP Account

The Former Wife claimed, and the trial court ruled, that $15,000 of Former Wife’s TSP was a nonmarital asset since she had a balance of $15,000 in her account before the couple married. Former Husband argues that there was no properly admitted, competent, substantial evidence to support that portion of the judgment. An appellate court reviews “de novo the characterization of an asset as marital or nonmarital.” Tradler. v. Tradler, 100 So.3d 735, 738 (Fla. 2d DCA 2012) (citing Fortune v. Fortune, 61 So.3d 441, 445 (Fla, 2d DCA 2011)). “Competent substantial evidence must support the trial court’s evaluation of the asset.” Id. (citing Furbee v. Barrow, 45 So.3d 22, 24-25 (Fla. 2d DCA 2010)): “So long as competent substantial evidence supports the trial court’s factual findings, [the appellate court] will not in essence offer a second trial on appeal by re-weighing the evidence.” Siewert v. Casey, 80 So.3d 1114, 1116 (Fla. 4th DCA 2012).
Ultimately, Former Wife testified from her personal knowledge as to the premarital balance; - thus, contrary to Former Husband’s argument, there was competent, substantial evidence as to the factual basis for that classification. ■
Former’ Husband secondly argues that the funds in Former Wife’s TSP account were commingled.' Thus, it would not be possible to determine what particular money was withdrawn and-spent over the years. Section 61.075(6)(b)(l), Florida Statutes (2013), defines nonmarital assets as those “acquired--... by -either party prior to the marriage and- assets ... incurred in exchange for such assets.” In “distributing the value of a retirement pension fund upon dissolution of marriage, the -party not in ownership of the -fund is entitled to an equitable distribution-of that portion attributable to the marital contributions.” Scott v. Scott, 888 So.2d 81, 83 (Fla. 1st DCA 2004) (citations omitted). However, the “party owning the pension is entitled to the premarital value of the fund, along with its subsequent passive appreciation, not attributable to the marriage.” Id. (citing Adkins v. Adkins, 650 So.2d 61, 68 (Fla. 3d DCA 1994)).
*376 The trial court determined that “[w]ith the exception of loan payments made with marital funds, no evidence was introduced at trial to indicate that [Former Husband] contributed money from another source to [Former Wife’s] TSP account” and deemed that the funds were not commingled. The trial court treated the amount in excess of the premarital $15,000, as a marital asset which was evenly divided. Thus, to this extent, the trial judge did not err in the classification and division of Former Wife’s TSP.
However, with regard to the loans from Former Wife’s TSP, the trial court committed an accounting error that must be corrected. The parties agree that the $50,000 borrowed from Former Wife’s TSP was used to repay marital obligations. If the loan was from a true third party, the debt would be a shared marital obligation. However, since the money was borrowed from and repaid to Former Wife’s TSP, the loan was both a liability and an asset. Pursuant to the final judgment, Former Husband was required to repay half of the loan, but Former Wife, through her TSP, received all of the payments. Former Wife concedes this was error. The TSP loan can either be treated as an asset and liability, or not included in the equitable distribution scheme at all. See Teague v. Teague, 122 So.3d 938, 943 (Fla. 4th DCA 2013). To the extent that Former Husband has made any post-petition payments on the loan, he would be entitled to a credit in like amount. We remand to the trial court for proper allocation and distribution of the TSP loan.

Valuation of Former Husband’s Automobile

Former Husband was awarded his 2013 Hyundai Sonata automobile. Based upon evidence submitted by the parties, the Hyundai had a value of $15,399, but had an outstanding loan balance of $15,539 that Former Husband was obligated to pay. The final judgment included both the gross value of $15,399 and the negative net value of -$140.00. Former Wife concedes, and this court agrees, that it was error to include both values as assets of the Former Husband. Thus, we remand to the trial court with instructions to remove the $15,399 from the equitable distribution worksheet.

Equalizing Payment

The trial court determined that the net marital estate awarded to Former Wife was $100,643.91 and the net marital estate awarded to Former Husband was $109,018.78. Based on those amounts, the court erroneously ordered Former Husband to make an equalization payment of $8373.87. That figure was for the full amount of the difference; whereas, a payment of one-half of the difference would have equalized the distribution. Ordering full payment of the difference created an unequal distribution in favor of Former Wife. On appeal, both parties acknowledge this was error. We agree. Given our rulings as to the treatment and valuation of the TSP loan and Former Husband’s automobile, the distributed value of marital assets will be different from the original final judgment. If after making its calculations of the distributed values of marital assets, the trial court determines that an equalizing payment is to be made, the court shall ensure that the payment achieves the equalization of the distribution.

Conclusion

We affirm as to the remaining issues raised by Former Husband. The case is remanded to the trial court for further proceedings in accordance with this opinion.
*377 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
LAWSON, C.J. and TORPY, JJ., concur.