# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0974
Lower Tribunal No. 21-12217-FC-04

_____

**Uwan Lloyd Williams,**
Appellant,

vs.

**Shanice Regina Williams,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Kenneth P. Speiller, for appellant.

Law Office of Kenneth M. Kaplan and Kenneth M. Kaplan, for appellee.


Before SCALES, C.J., and FERNANDEZ and GOODEN, JJ.

FERNANDEZ, J.

Uwan Lloyd Williams ("the Husband") appeals the trial court's Final Judgment of Dissolution of Marriage and Incorporated Parenting Plan. We affirm the Final Judgment in part, reverse in part, and remand for further proceedings for the trial court to either correct or address the issues discussed in this opinion.

The facts pertinent to the issues on appeal are the following: The Husband and Shanice Regina Williams ("the Wife") were married in 2007 and had two minor children, a daughter born in 2014, and a daughter born in 2016. The Wife filed a Petition for Dissolution of Marriage in which she asserted, among other things, that shared responsibility would be in the best interest of the children.

The Husband filed his Answer to the Petition and filed a Counterpetition. In his Answer, the Husband admitted that shared parental responsibility was in the best interests of the minor children. In his Counterpetition, the Husband alleged that shared parental responsibility was in the best interests of the minor children. The Wife filed an Answer to the Counterpetition, in which she also admitted that shared responsibility was in the best interests of the children.

Discovery ensued, and the final hearing before the trial court took place without the Husband present. Final Judgment was entered on October 23, 2020.

The Husband thereafter filed a Motion for Relief from Judgment and Affidavit contending he had not received notice that a final hearing had been scheduled. Following an evidentiary hearing, the trial court granted the Husband relief from the Final Judgment in all respects except for the dissolution of marriage bonds. The trial court set the case for trial and ordered the parties to file their pretrial catalogues.

Before trial, the Husband filed a financial affidavit. Under assets, he listed a military retirement but did not assign a value for that asset. The Husband also filed a pretrial catalogue, in which he requested extended periods of timesharing over various school breaks, including Thanksgiving, Winter Break, and Spring Break because he lived in Illinois.

The Wife filed her financial affidavit and pretrial catalogue. In her pretrial catalogue, she stated that in a separate circuit court case, there was a Final Judgment of Injunction for Protection Against Domestic Violence with Children entered against the Husband. Her pretrial catalogue also included law and an argument regarding granting sole parental responsibility.

3

At the trial, the Wife testified, in part, to the following: The children had been solely with her since March 2, 2022. Before that time, the parties had a timesharing arrangement where each had the children on alternating weeks. On March 1, 2022, the Husband had picked up the children in the evening, but then the next morning dropped them off early with all their belongings and then left. The Husband did not contact the Wife, and the Wife was blocked from contacting him via phone or text. The Husband's counsel objected as to relevance because the parties had each pled that shared parental responsibility was in the best interests of the children, and each party had admitted those allegations. The trial court overruled the objection but allowed a continuing objection to the sole parental responsibility issue. The Wife testified that the Husband reappeared during Thanksgiving 2022. He told her that the divorce was not fair and that he should have the Homestead, Florida property. She stated that that conversation led to her filing for the domestic violence injunction.

The Wife requested that the court provide the Husband with reunification therapy. The Wife wanted a trained professional to mediate the reunification between the two minor daughters and the Husband.

The Wife had a Thrift Savings Plan retirement account. The Wife testified that the domestic violence petition she filed was on her behalf and

4

not on the children's behalf. She did not allege that the Husband threatened or committed acts of violence against the children.

The Husband testified at trial to the following: He had been living in Chicago since March 2023. Before that, he lived in the parties' Homestead, Florida property. In March 2022, he brought the children to the Wife.

The Husband testified the Wife prevented him from seeing the children since March 2022. He said the relationship between the parties was toxic, and they called the police on each other several times. The Husband stated he tried to contact the children, but the Wife did not allow contact. He decided to stop trying and let the courts resolve the situation. He thought this was best for the children because of the toxic relationship.

About March 2022, the Husband's mental health declined, and he took a step back from a lot of things. He had been in treatment since 2019 and was currently getting treated sometimes five days per week in Illinois when his therapist was available, but sometimes it was less than that. He was also on medications. He testified that when he dropped of the children to the Wife in March of 2022, one of the reasons was due to his mental health issues. He told the Wife he was waiting for the courts to rule on the issue.

Regarding timesharing, the Husband testified he wanted time with the children in the summer and on holidays until the time he moved back to

5

Miami. He was unable to contact the children via an electronic tablet he bought them because of the restraining order entered against him.

The Husband testified he was a first-class petty officer with the military who trained recruits. He had a retirement plan, which was a Thrift Savings Plan. At the time he separated from the Wife, the Thrift Savings Plan was worth about $50,000. The statement ending on August 18, 2023 showed a balance of $64,280. There was approximately $12,000 in the Thrift Savings Plan when he got married.

He had no other retirement benefits, but it was possible he could have a pension depending on how he retired from the military. He was on limited duty status, thus was not currently eligible for a pension. He had been on limited duty status several times during his military career.

The Husband testified that he had two TD Ameritrade accounts. He listed them on his financial affidavit. One was a personal account and one was a joint account held with his mother, Sharon Lockhart. The funds originally came from Ms. Lockhart. She asked the Husband to help her manage the account, thus he was listed on it. He did not receive any money that was taken out from that account.

Ms. Lockhart was the last witness to testify. Ms. Lockhart testified she had a good relationship with the Wife, but she was not on good terms with

6

the Husband. She testified the Husband was a great father to his daughters, he loved them, and the daughters loved him.

Ms. Lockhart had a joint account with the Husband at TD Ameritrade. A Statement of the account was introduced into evidence that showed the account was in the Husband and Ms. Lockhart's name. Ms. Lockhart originally gave the Husband $50,000 for that account and then $2,000/month. She did not know any other details about the account.

Ms. Lockhart asked the Husband to invest money for her. She had no knowledge about investments and trusted the Husband to take care of it for her. The money in the joint account was her money only, which the Husband managed for her.

The trial court entered its Final Judgment of Dissolution of Marriage and Incorporating Parenting Plan on March 27, 2024. The trial court went through the factors in section 61.13(3) in making its decision on the parenting plan. The court awarded sole parental responsibility to the Wife.

The court ordered reunification therapy for the Husband. The court found that the Wife had been the children's sole caretaker for the past two years, and the Husband had abandoned his parental responsibilities since March 2, 2022. The court stated that once reunification therapy commenced, the Husband was awarded timesharing on alternate weekends from Friday

at 5:30pm until Monday at school drop-off time. In addition, once the therapy was completed, the court awarded holiday timesharing to the Husband. The court made the Husband 100% responsible for transportation costs for the minor children related to his timesharing. The trial court ordered those payments for extracurricular activities and other expenses for the children to be shared equally by the parties.

The trial court ordered that the Wife receive half of the Husband's Thrift Savings Plan and Roth Thrift Savings Plan. The court further ordered that the Wife receive 50% of the marital portion of the Husband's military pension. The court stated, "All other assets and liabilities are distributed in accordance with the equitable distribution chart attached." The equitable distribution chart consisted of two-pages – pages 840 and 841 – that were illegible in the record on appeal.

The trial court ordered that the Husband shall keep the investment accounts in his name only, and the Wife shall keep the investment accounts in her name only. The Final Judgment states that the distribution appears on the chart attached to the Final Judgment. Again, pages 840 and 841 are illegible. After the trial court denied the Husband's motion for rehearing, this appeal followed.

The standard of review for the trial court's determination regarding parental responsibility, timesharing, travel schedules, child support awards, and equitable distribution is abuse of discretion. De La Fe v. De La Fe, 332 So. 3d 60, 61 (Fla. 2d DCA 2021); Cappola v. Cappola, 280 So. 3d 102, 103 (Fla. 4th DCA 2019); Hiatt v. Mathieu, 350 So. 3d 357, 360 (Fla. 4th DCA 2022); Duncan v. Franklin, 349 So. 3d 502, 502 (Fla. 3d DCA 2022); Berg v. Young, 175 So. 3d 863, 867 (Fla. 4th DCA 2015). The legal conclusion that an asset is marital or nonmarital is reviewed under a de novo standard of review. Berg, 175 So. 3d at 867.

## DISCUSSION

**Sole Parental Responsibility Award to the Wife**

The Husband first contends that the trial court erred in awarding sole parental responsibility to the Wife. We agree.

In Florida dissolution of marriage actions, a pre-trial catalogue is not considered a pleading. See Florida Family Law Rule 12.100(a); Lanai Dev. Corp. v. Berry, 373 So. 2d 441, 442 (Fla. 3d DCA 1979) (stating that pre-trial catalogues are considered case management and disclosure tools).

In addition, Florida courts have reversed an award of sole parental responsibility when neither party requested it, even if competent substantial evidence supported the finding of detriment. Musgrave v. Musgrave, 290 So.

9

3d 536, 541-44 (Fla. 2d 2019) (finding the wife did not amend her pleadings to seek sole parental responsibility, nor did she present evidence during the trial that would indicate the issue was tried by implied consent); Booth v. Hicks, 301 So. 3d 369, 370-72 (Fla. 2d DCA 2020) (granting a father sole parental responsibility when he only requested shared parental responsibility violated the mother's due process rights and constituted an abuse of discretion). Some Florida courts have upheld sole parental responsibility awards when supported by substantial competent evidence of detriment but these cases usually involve facts where at least one party requested such relief. Tucker v. Tucker, 375 So. 3d 323, 325 (Fla. 5th DCA 2023) (providing that wife filed amended petition in which she requested sole parental responsibility due to the husband's significant anger and alcohol issues and had made disturbing statements pertaining to the child). Courts cannot grant relief not requested in the pleadings. Abbot v. Abbott, 98 So. 3d 616, 617 (Fla. 2d DCA 2012). Thus, the trial court abused its discretion in awarding sole parental responsibility to the Wife.

**Timesharing Plan**

Next, the Husband contends that the trial court erred in the timesharing plan it devised. The trial court has broad discretion in timesharing issues, and its decision is reviewed under an abuse of discretion standard. Murnane

v. Murnane, 411 So. 3d 543, 545 (Fla. 5th DCA 2025). The timesharing plan will be affirmed if there is competent, substantial evidence to support the decision and reasonable people could differ regarding the trial court's decision. Id.

Here, the trial court considered each of the statutory factors in section 61.13(3) in creating the time-sharing plan, with the children's best interests as the primary consideration, and addressed them in the Final Judgment. Thus, it cannot be said that no reasonable person would take the view adopted by the trial court. Marini v. Kellett, 279 So. 3d 248, 253 (Fla. 5th DCA 2019).

The trial court further noted there were two contingencies in this matter: "1) the Father's reunification with the children and 2) the Father's relocation back to Miami. Both are in flux." Thus, the trial court ordered the Husband to complete reunification therapy with the children. The court stated in its Final Judgment that once reunification therapy began, the Husband would timeshare on alternating weekends with the children from Friday at 5:30pm to Monday morning at school drop-off time. The trial court then noted that if the Husband returned to Miami, the court was mandated to conduct another hearing on the children's best interests for a modification of the time-sharing schedule. Moreover, the trial court stated that when the Husband completed

11

reunification therapy and the court awarded him regular timesharing, the holiday timesharing schedule would apply and the following would be added to the Husband's timesharing schedule: the children's birthdays, Mother's Day, Father's Day, Spring Break, Summer Break, Thanksgiving, and Winter Break. Accordingly, the trial court did not abuse its discretion in the time-sharing plan it created.

**The Husband's Sole Responsibility for Transportation Costs for the Minor Children for His Timesharing**

The Husband further contends that the trial court erred in making him 100% solely responsible for the transportation costs for the minor children for the Husband's timesharing. "The expense of transporting the minor child for visitation is a childrearing expense like any other." Drakulich v. Drakulich, 705 So. 3d 665, 667 (Fla. 3d DCA 1998). [C]hildrearing expenses should be shared by parents in accordance with their financial means." Id. "[T]he proper test is the consideration of the parties' financial circumstances." Aranda v. Padilla, 216 So. 3d 652, 654 (Fla. 4th DCA 2017). "[T]he expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations." Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015); Hindle v. Fuith, 33 So. 3d 782, 786-87 (Fla. 5th DCA 2010) ("Child support guidelines provide that transportation

12

expenses, like other childrearing costs, should be shared by the parents in accordance with their financial means.").

In the Final Judgment, the trial court did not explain why it was requiring the Husband to pay 100% of the transportation costs for the minor children if they were to travel for his timesharing with them. Thus, we cannot discern from this record whether this was correct. Accordingly, the trial court abused its discretion on this issue. Reversal and remand are required so that the trial court can provide specific factual findings to support its decision regarding the Husband's sole responsibility for the transportation costs for the minor children for the Husband's timesharing and, if warranted, amend the Final Judgment accordingly.

**Extra Child Support the Trial Court Ordered the Husband to Pay**

The Husband next contends that the trial court abused its discretion when the court ordered the parties to share equally in the costs of extra-curricular activities, such as uniforms and equipment. Generally, a trial court abuses its discretion when it orders a parent to pay child support under the guidelines and then separately requires both parents to share equally in the extracurricular activity expenses, especially when the language of the order allows one parent to unilaterally enroll a child in activities without the other parent's consideration. See Rainsberger v. Rainsberger, 819 So. 2d 275,

276-77 (Fla. 2d DCA 2002); Gordon v. Gordon, 63 So. 3d 824, 827-28 (Fla. 5th DCA 2011).

Here, the trial court calculated the Husband's monthly child support obligation. In addition, the court further ordered that the costs of extra-curricular activities, including but not limited to uniforms and equipment, shall be paid equally between the parties. However, there was no evidence presented regarding extra-curricular activities for the children agreed to by both parties. Thus, it was an abuse of discretion to order the parties to share equally in extracurricular expenses when either party could unilaterally enroll the children in activities. Walker v. Walker, 274 So. 3d 1156, 1163 (Fla. 2d DCA 2019). Reversal and remand are thus warranted so that the trial court can determine the Husband's support obligations regarding the extra-curricular activities in accordance with the law in Florida.

**Equitable Distribution Scheme**

Lastly, the Husband contends that the equitable distribution scheme was erroneous in several respects.

Military Pension

Regarding the military pension, section 61.076(1), Florida Statutes (2025)states that "[a]ll vested **and nonvested benefits,** rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity,

14

deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution." (emphasis added). Thus, the Husband's military pension did not need to be vested yet for the court to have awarded a portion to the Wife.

Military pensions earned during marriage are marital assets regardless of vesting status. Cupo v. Cupo, 352 So. 3d 888, 890 (Fla. 4th DCA 2022). "Thus, even if the court is not presented with the pension's value in dollars, the court must still include the pension, expressed as a percentage, in the division of the marital assets." Id. Regarding nonvested military pensions, in Boyett v. Boyett, 703 So. 2d 451 (Fla. 1997), the Florida Supreme Court discussed the deferred distribution method of allocating interest in nonvested pension plans at the time the employee spouse retires. Id. at 452. The Court noted that deferring distribution until benefits are actually paid "'divides equally the risk that the pension will fail to vest.'" Id. (citation omitted). The trial court retains jurisdiction until the employee spouse retires or begins drawing pension benefits, then allocates payment "based on a fraction that takes into account the total period of the employee spouse's participation in the pension plan." Id.; see also Ingram v. Ingram, 133 So. 3d 1205, 1207 (Fla. 2d DCA 2014) (stating that courts may enter conditional orders for non-

vested pensions that become effective upon the service member's actual retirement).

Accordingly, the trial court did not abuse its discretion in awarding the Wife 50% of the Husband's military pension, even though it did not make a finding about the pension's value in dollars. We affirm on this issue but remand and direct the court to amend the Final Judgment to reflect that it is retaining jurisdiction over this issue.

<u>Thrift Savings Plans</u>

Next, the Husband contends that the trial court abused its discretion regarding the Thrift Savings Plans. Under section 61.075(3), Florida Statute, the court must support any distribution of marital assets in the final judgment by factual findings based on competent substantial evidence. Section 61.075(3)(b) states there must be "[i]dentification of marital assets, including the individual valuation of significant assets[.]" Section 61.075(6)(a)(1)(a) defines marital assets as "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them." Section 61.075(6)(b)(1) defines nonmarital assets as "[a]sset acquired . . . prior to the marriage[.]"

In the Record on Appeal, two pages of the chart the court attached to its Final Judgment are illegible. If, as the Husband contends, the value was listed by the trial court as "unknown" for these assets, then because the trial

16

court did not make sufficient findings here, and there is no valuation or an indication as to what portion of the asset is marital, we reverse on this issue because the trial court abused its discretion. See Holmes v. Holmes, 709 So. 2d 166, 168 (Fla. 5th DCA 1998); Brock v. Brock, 690 So. 2d 737, 740 (Fla. 5th DCA 1997). However, because we cannot ascertain from the record if in fact the trial court listed the values of these assets as unknown on the equitable distribution chart, we reverse and remand so that the trial court can make sufficient findings to support its decision.

TD Ameritrade Account

Finally, regarding the TD Ameritrade account, the Husband contends this account was held jointly by the Husband and Ms. Lockhart, but the trial court equitably distributed it by listing it on the equitable distribution chart attached to the Final Judgment. There was no evidence to contradict that the Husband and Ms. Lockhart jointly owned one of the TD Ameritrade Accounts. In the Final Judgment, the trial court ordered that the Husband shall keep all investment accounts in his name only, and the Wife shall keep all investment accounts in her name only but then allegedly included the Husband and Ms. Lockhart's TD Ameritrade account in the equitable distribution plan. As with the Thrift Savings Plans award, because we cannot ascertain from the record if in fact the trial court listed the jointly owned TD Ameritrade Account on the

17

equitable distribution chart because the chart is illegible, we reverse and remand so that the trial court can provide legible copies of the equitable distribution chart. And if the jointly owned TD Ameritrade Account was equitably distributed, we direct the court to remove it from its equitable distribution award because the trial court abused its discretion in equitably distributing this jointly owned account.

### **CONCLUSION**

Based on the foregoing, we affirm the Final Judgment regarding the time-sharing plan issue. With respect to the issue of the transportation costs related to the Husband's timesharing, we reverse and remand for the trial court to provide specific factual findings to support its decision for ordering that the Husband's be solely responsible for the transportation costs for the minor children for the Husband's timesharing, and if warranted, amend the Final Judgment accordingly. With respect to the additional child support the Husband was ordered to pay for extracurricular activities, we reverse and remand so the trial court can remove the requirement that the Husband be responsible for expenses considered outside the scope of child support and recalculate the support required from each party regarding extra-curricular activities in accordance with the law in Florida. We affirm the military pension award to the Wife in the Final Judgment but remand so that the trial court

18

can amend the Final Judgment to reflect it is maintaining jurisdiction over the military pension issue. Regarding the Thrift Savings Plan equitable distribution award, we reverse and remand for the trial court to make appropriate findings as to the valuation of the asset, indicate what portion of the asset is marital, and provide a legible copy of its attachments to the Final Judgment that supports its decision. Regarding the TD Ameritrade Account, we remand for the trial court to provide a legible copy of its attachments to the Final Judgment; if the jointly owned TD Ameritrade Account is listed as being equitable distributed, we then reverse and direct the trial court not to include this account in the equitable distribution plan.

Affirmed in part; reversed in part; remanded with directions.